J. D. BUCKY, APPELLANT, vs. THEO. H. WILLARD, APPELLEE.

1. The provisions of Sections 43 and 44 of Chapter 2040, Laws of 1875, which authorize the filing of a transcript of the judgment of a Justice of the Peace in the office of the clerk of the Circuit Court, and the entry of a memorandum of the filing of such transcript in the judgment docket, and the issuing of execution on such judgment by the clerk, are held to be not in conflict with Section 8 of Article VI. of the Constitution. The proceeding does not call into action or depend upon the jurisdiction of the Circuit Court. Whether the judgment so docketed becomes "a judgment of the Circuit Court," is a question not necessarily involved, as the statute may be operative without reference to it.

2. A part of a statute, or section of a statute, may be unconstitutional and void without affecting the validity of other parts, if they be not dependent upon each other.

3. Whether a Circuit Court has the power to set aside an execution issued by the clerk upon a transcript of a justice's judgment: quere? (See Th. Dig., 360, Sec. 6.)

Westcott, J., dissenting, thought the judgment should have been reversed and the case remanded with directions to quash the writ.

Appeal from the Circuit Court for Duval county.

Willard recovered a judgment against Bucky for seventy-three dollars before a justice of the peace of Duval county, and filed a transcript thereof in the office of the clerk of the circuit court of that county, and the judgment was entered in the docket of circuit court judgments, and the clerk then issued an execution under which the sheriff was about to proceed, when defendant made his affidavit that the execution was issued illegally, because no legal execution could issue from the circuit court upon a judgment rendered by a justice of the peace, and that no part of said execution is justly or legally due.

Upon this affidavit and upon the transcript of the judgment, filed and docketed, a motion was made to set aside the execution upon the grounds stated. This motion was

made under the act of February 15, 1834.    Th. Dig., p. 360, Sec. 6.

The court denied the motion, and from this judgment the defendant in the execution appeals.   The ground upon which it is alleged the court committed an error is that an execution could not be legally issued from the circuit court to enforce a judgment rendered in a justice's court.

It is urged that the provision of Section 44 of Chapter 2040 of the Laws of 1875, are in conflict with the Constitution.   (Sections 8 and 15 of Article VI.)

The eighth Section of Article VI. reads thus:

" The circuit court shall have original jurisdiction in all cases in equity ; also in all cases at law in which the demand or value of the property involved exceeds one hundred dollars,    *    *    *    and final appellate jurisdiction in all civil cases arising in a court of a justice of the peace in which the account or value of property involved is twenty-five dollars and upwards."   Section 43 of the act of 1875 provides that a transcript of a judgment rendered by a justice of the peace may be filed and docketed in the office of the clerk of the circuit court of the county ; that the " time of the receipt of the transcript by the clerk shall be noted thereon and entered in the docket of circuit court judgments, and from that time the judgment shall be a judgment of the circuit court, and enforced in like manner as other judgments of the circuit court.   No judgment rendered by a justice of the peace shall be a lien on real estate until a transcript thereof shall be filed in the office of the clerk of the court and docketed."

Section 44 reads as follows :

" If the judgment be docketed with the clerk, the execution shall be issued by him to the sheriff of the county, and have the same effect, and be executed in the same manner as other executions and judgments of the circuit court."

*Alva A. Knight* for Appellant.

*John E. Hartridge* for Appellee.

THE CHIEF JUSTICE delivered the opinion of the court.

*Jurisdiction* is defined to be an authority or power which a man hath to do justice in causes of complaint brought before him. Tomlin's Law Dic., 6 Peters, 709. "Any movement by a court is necessarily the exercise of jurisdiction. If the law confers the power to render a judgment or decree, then the court has jurisdiction. What shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action by hearing and determining it." 12 Peters, 718; 2 How., 338.

The Circuit Court was not invoked in the proceedings here brought in question to entertain any cause or matter, or to render a judgment upon a demand of any amount whatever. The exercise of the jurisdiction of that court was not called into requisition by any process, pleading or proceeding, for the purpose of establishing any indebtedness or liability or right of property. It is not pretended that that court exercised any of its functions, or that its "jurisdiction" was called into action for any of the purposes impliedly inhibited by the Constitution.

The objection is this, that as the Circuit Court could take no jurisdiction of an action upon a demand less than one hundred dollars, therefore it must follow that it was incompetent in the Legislature to confer upon it any power to enforce a judgment rendered by a justice's court; and because the Circuit Court could not render a judgment in the case, therefore there cannot be a judgment of the Circuit Court created by any process other than by the exercise of its jurisdiction, and consequently that its process cannot be legitimately used to enforce a judgment so created. This

is the argument deduced from the position of the appellant and from the assignment of error.

Assuming, for the purposes of this case, that the Legislature has no power to authorize a judgment to be entered as "a judgment of the Circuit Court" which the court itself has not power to enter, the inquiry still remains whether the Legislature may not .prescribe the manner in which a judgment of a justice's court may become a lien upon real property, and the manner in which such a lien may be enforced.

It is within the province of the Legislature to prescribe the "powers and duties" of justices of the peace. The Legislature may authorize them to render judgments, but prohibit them from issuing executions, conferring that duty upon the clerk of the Circuit Court; the power and jurisdiction of the Circuit Court not being called into action in any degree. The Constitution authorizes the Legislature to prescribe the duties of the clerk, and there is nothing in the matter of his office which makes it incompatible to confer upon him the duty of issuing process under his hand or under the seal of any court, of which seal he may be the custodian, for the enforcement of a justice's judgment. Nor would this trench upon the power or jurisdiction of the Circuit Court, or call for its exercise either by the court or by the clerk. Whether a judgment rendered by a justice of the peace may, in the mode indicated by the forty-third section of the act of 1875, become "a judgment of the Circuit Court," is, therefore, a material question in the case presented. By striking out all the words of that section which seem to give justice's judgments the character or name of judgments of the Circuit Court, or by treating all such words as mere surplusage and nugatory, there still remains the provision that transcripts of justices' judgments may be filed and docketed in the office of the clerk of the Circuit Court, and that from that time the judgment shall be enforced *in like manner* as judgments

of the Circuit Courts; and by the forty-fourth section the execution thereon shall be issued by the clerk to the sheriff, "and have the same effect and be executed in the same manner as other executions of the Circuit Court." The direction of the statute is to the clerk to issue an execution, not to the court, nor need the execution be characterized as an execution of the Circuit Court, as the statute in effect merely requires that the execution and the proceedings thereon be assimilated to the form used by the Circuit Court, and also to the manner of enforcing it.

In all these requirements the jurisdiction of the Circuit Court does not enter. The clerk has certain duties to perform in his relations to the Circuit Court. The duty in question has no reference to any act of that court, or of its judge, and it does not seem that the judge or the court has any office to perform in relation to a transcript of a judgment filed with the clerk.

The object of the statute in question was to remedy a serious evil. Formerly, it is said, justices of the peace, whose places of business were at their dwelling-houses, and whose dockets were often the fly-leaves of their account books, issued executions to constables, who levied upon, sold and conveyed the titles of real estate, making return of the process "when satisfied" to the justice. The Legislature probably realized that the titles of real estate, depending upon such frail records and such uncertain acts of minor officers, were often rendered uncertain and unsafe, and hence, for the purpose of preserving records so important, and affording the means of tracing titles with greater certainty, and of protecting rights so important, passed the act referred to. Purchasers of property are thereby enabled to ascertain, at the office of the custodian of the records, everything necessary to protect themselves in respect to titles, save such facts as may be hidden in old dockets, scattered about the country, or carried away to distant lands by emigrating justices.

of the peace. This evil was one deserving the attention of the Legislature, and it is the duty of the courts to uphold their action unless they have clearly transcended their power.

A similar act of the Legislature was passed in Tennessee, and it was provided that where a justices' docket was deposited with the clerk of the county court on the death or removal of the justice, the execution should be issued by the clerk, returnable to *himself*. It was also provided that the clerk might issue a *scire facias* or a judgment to revive the same, making the *scire facias* returnable before himself as county clerk. The Supreme Court held that it was error for the clerk to make the writ returnable before the county court, and the statute referred to was treated by the court as a valid act. See White vs. Davenport, 7 Yerger, 475.

Similar statutes in regard to docketing justices' judgments, and issuing execution thereon by the clerk of courts of record, exist in nearly all the States. The Constitution of Nevada contains a provision restricting the jurisdiction of the district courts in language precisely like that in this State in the particular in question; and her Legislature passed at its earliest session an act in relation to justices' courts and judgments in terms closely identical with the act in question under which the practice here mentioned has never been challenged before the courts, so far as can be ascertained by a careful examination of all her reports. Const. of Nevada, Art. VI., Sec. 6; Compiled Laws of Nevada, p. 441, §557.

Even if it be true that a judgment of a justice of the peace cannot become a judgment of the Circuit Court by the filing of a transcript of the judgment with the clerk, and his entry thereof in the book containing judgments of the Circuit Court, by reason of the constitutional jurisdiction of the latter, yet the statute is not vitiated if, by disregarding its objectional features, it will still stand independent of the unconstitutional portions, even if such portions are contained

in the same section. See Cooley's Constitutional Limitations, ch. 7, pp. 177–8, and numerous authorities cited.

No other question than that we have here treated is raised by the assignment of errors, and the result is that the Circuit Court was right in refusing to set aside the execution.

The question suggests itself whether, if the judgment of a justice of the peace docketed in pursuance of the statute is not a judgment of the Circuit Court, that court has any power to entertain the motion of the appellant to set aside the execution. If it is not an execution issued upon a judgment of the Circuit Court, then the statute (Th. Dig., 360,) does not apply, and that court would probably have no power to control the writ as its own process. The judgment having been docketed, the justice does not issue the execution, and it may not be within his power to control it by a proceeding of this character. The result would be that if such execution was illegally issued by the clerk, the parties would be left to their remedy by such action at law or in equity as might be proper when a right of action shall have accrued.

The proper order in this case is to dismiss the appeal. Ordered accordingly.

MR. JUSTICE WESTCOTT dissented, and filed the following opinion:

The fi. fa. in this case, as disclosed by the record, was issued under the seal of the Circuit Court by the clerk of the Circuit Court, was attested in the name of the judge thereof, and was returnable before the judge thereof. For these reasons I think it was properly treated as an execution issuing from the Circuit Court under the act of February 15, 1834. (Thomp. Dig., 360.) Upon the return of the execution, the record disclosed that it purported to have been issued upon a judgment of the Circuit Court for a sum be-

Bucky v. Willard—Opinion of Court.

low the amount of its jurdisdiction, and that instead of the judgment being the result of the exercise of the judicial discretion and power of that court, it was upon the face of the transcript of the record then on file a judgment of a justice of the peace. Under these circumstances I am clearly of the opinion that the judgment, so far as it purported to be a judgment of the Circuit Court, was void, and that the execution issued thereon being an execution emanating from that court was necessarily void also. With these views I think the judgment should be reversed and the case remanded, with directions to quash the writ. As it is, the appeal being simply dismissed, I cannot see any escape from the conclusion that we are sustaining the Circuit Court in lending its process to a void judgment and giving effect to an execution both illegal and void. This is not the view of the court, but being my opinion it is my duty to express it. I am not prepared to say that the Legislature may not authorize and require transcripts of justices' judgments to be recorded by the clerk, or even under proper regulations that he might issue an execution thereon; but the regulations must be of such character as to save the question of the jurisdiction of the Circuit Court, as well as preserve the constitutional jurisdiction of the magistrate. With these views I must differ from the court.