BROWN-FLORIDA LUMBER COMPANY v. CORAL JOHNSON HICKS, *et vir.*

173 So. 351.
Opinion Filed March 22, 1937.

*H. H. Wells* and *James N. Daniel,* for Plaintiff in Error; *John H. Carter* and *John H. Carter, Jr.,* for Defendant in Error.

DAVIS, J.—Plaintiff below sued in ejectment for portions of certain tracts of land occupied by the right-of-way, roadbed, railroad tracks and bridges, held and used by the de-

.fendant. Both parties claimed from a common source, the defendant claiming under the plaintiff. The principal issue on this appeal is to be determined by the legal construction we place upon the written contract offered in evidence below upon which the trial judge directed a verdict for plaintiff and refused a directed verdict for defendant. The instrument in question was a timber deed or lease carrying a grant of right of way for such private dirt roads or railroad, team road, ditches and canals as grantee therein, or its successors, might desire to cut, build, construct or operate. The trial judge construed the right of way easement to have expired with the cessation of the period of ten years stipulated in the instrument for cutting and removal of the timber, although no particular expiration date was ·therein named.

The timber deed or lease in question conveyed to the grantee all of the trees and timber on certain described lands, together with rights of ingress and egress, across, along, into and over the lands upon which the timber trees were situate as well as any other lands owned by the grantee for the purpose of removing said timber and trees or for any other lawful purpose. The instrument allowed the grantee ten years within which to cut and remove the timber covered by the agreement. Amongst other things it granted an easement to the grantee and its successors to build such railroads, etc., as it might elect, but specified no date for the duration of such easement or for its expiration by limitation. The holding of the court below is that the provisions of such timber deed or lease as that just described are reasonably to be construed as implying a time limit on the duration of the grant of a right of way for roads and railroads commensurate with that for the cutting and re-.

moving of the trees and timber to which the easement was provided as an appurtenant consideration.

While under the terms of the lease as written the purpose of the road and railroad easement just referred to is not limited to the timber and trees conveyed in and by the timber deed or lease in which the easement provision is found, and under the terms of such timber deed or lease the grantee of the timber was privileged to build roads and railroads over the involved lands not required for the cutting and removal of the timber and trees described in the lease, such as for hauling timber and trees from other or adjacent lands being operated by the lumbering concern grantee, it is nevertheless plain from the terms of the instrument granting the easement that such easement was not given independent of, but dependent upon, the cutting and removal of the granted timber and trees during the contractural ten-year period, and not intended to be perpetual or for a longer period as contended by plaintiff in error. Hence, the expiration of the period of removing the timber and trees carried with it the cancellation of the granted easement which had been given as a mere appurtenant privilege to the timber cutting and removal privilege that formed the main subject of the deed or lease, and the trial court committed no error in construing it.

The other points are procedural in character and merit no special discussion. We find in them no ground for reversal of the plaintiff's judgment, which is hereby

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.