**THE STATE OF FLORIDA ex rel. J. TOM WATSON, as Attorney General of the State of Florida, v. R. A. GRAY, as Secretary of State of the State of Florida.**

14 So. (2nd) 721                                    June Term, 1943
July 30, 1943                                          En Banc

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for relator.

*R. A. Gray,* in pro. per. for respondent.

TERRELL, J.:

On petition of the Relator alternative writ of mandamus was directed to respondent commanding him to strike from the provisions of Chapter 21805, Acts of 1943, certain spurious, redundant, and invalid language and to omit said language from the act when compiling the bound volume of the General Acts of the Legislature of 1943, or to show cause why he refuses to do so.

In his return to the alternative writ, respondent admits all the material allegations thereof but he says in defense that he declined to strike the alleged spurious and invalid language because the act was on its face regular, imported verity, and was filed in his office in due course after its passage by the Legislature and approval by the Governor.

The alternative writ shows that Chapter 21805, Acts of 1943 was originally Senate Bill 240 and passed the Senate in due course. It was forthwith certified to the House where amendments 1, 2 and 3 were offered and approved. Amendment 3 contains the spurious and invalid language. The bill was then returned to the Senate with the request that it concur in all three amendments; the Senate concurred in amendments 1 and 2 but expressly refused to concur in amendment 3 and returned the bill to the House with the request that it recede from amendment 3. The House complied with the request of the Senate, approved the bill without said amendment, and it was then engrossed and enrolled, signed by the appropriate officers of the Senate and the House

and approved by the Governor. By clerical error of the enrolling committee, the text of amendment 3 was included in the enrolled bill after it had been expressly deleted therefrom by both houses. In this condition, it was approved by the Governor and filed with respondent who is custodian of the Acts of the Legislature.

This Court indulges the presumption that a bill signed by the appropriate officers of each house of the Legislature, approved by the Governor, and filed in the office of the Secretary of State was regularly enacted, imports verity, and becomes the law; but this presumption is not conclusive. Resort to the legislative journals may be exercised to conclude the point and if they show that the enrolled bill contains provisions that were not approved by both houses, such provisions will be held as spurious and illegal and not a part of the law. Gwynn v. Hardee, 92 Fla. 543, 110 So. 343; State ex rel. Cunningham, et al., v. Davis, et al., 123 Fla. 41, 166 So. 289.

The legislative journals show conclusively that amendment 3 was not approved, that it was in terms rejected, and did not become a part of Chapter 21805, Acts of 1943. It was spurious and illegal and should be stricken on authority of the last cited cases.

Peremptory writ of mandamus is granted.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.

BROWN, THOMAS and SEBRING, JJ., dissent.

BROWN, J., dissenting:

I concur in the view that said amendment No. 3 should not have been included in the enrolled bill, as it was not adopted by the Legislature, but mandamus only lies to compel the performance of a clear legal duty. I know of no constitutional or statutory provision giving the Secretary of State the authority to strike from any bill or act of legislature any part thereof, especially after it has been approved by the Governor and filed in the Secretary of State's office.

THOMAS and SEBRING, JJ., concur.