### AMERICAN TEL. & TEL. CO. v. WEILAND, et al.
No. 61-1565-E.

Circuit Court, Duval County.
May 5, June 9 and July 6, 1961.

Harold B. Wahl, Loftin & Wahl, Jacksonville, for plaintiff.

C. Ray Greene, Jr., Greene & Greene, Jacksonville, for defendants.

EDWIN L. JONES, Circuit Judge.

*Temporary restraining order*: This matter coming on to be heard on application of plaintiff for temporary restraining order, and plaintiff having appeared by Harold B. Wahl, Esq., and presented sworn testimony, and defendants having appeared by C. Ray Greene, Jr., Esq., and defendant George H. Weiland, having testified, and it appearing that a copy of the complaint for injunction and notice of this hearing were duly served upon the defendants, and the court having considered the sworn bill and heard testimony, and the court finding that the defendants' predecessors in title during the year 1929 gave a right of way and easement under, over, and across the property now owned by the defendants and here involved; that pursuant to such right of way and easement, plaintiff located certain telephone facilities, including poles, wires, guys and anchors and other appurtenances, which right of way, easement and facilities at the time of the purchase of the property by defendants were clearly in evidence on the property so that defendants had actual knowledge of the same; that said easement and right of way was further duly recorded in the public records of Duval County; that plain-

tiff has had actual physical possession of said right of way and easement since the year 1929; that such easement and right of way ran with the land and was binding on defendants; that plaintiff has continuously maintained said facilities over said property for more than twenty years, in fact, since prior to September 1, 1929,

And the court finding that defendants have disputed said plaintiff's rights, right of way and easement and the validity thereof; and have refused to permit plaintiff to enter upon said property for the purpose of making repairs and relocations essential to the safety of life, property and vital telephone service,

And it appearing that unless the processes of this court are used to intervene, there is grave danger of irreparable damage to the public interest because of interference by the defendants with plaintiff's communication service; and that the public interest demands the immediate entry of this order on the showing made,

It is therefore ordered, adjudged and decreed that defendants, George H. Weiland and Palma R. Weiland, his wife, Weiland Enterprises, Inc., and Riverview Enterprises, Inc., their agents, employees, and all persons combining and conspiring with them or aiding and abetting them, or either of them, be enjoined and restrained from interfering in any way with plaintiff's right of way and easement; from cutting or damaging or interfering with plaintiff's pole line and other facilities across said land, together with the underground facilities in Ribault River connecting therewith; and from interfering with or hindering or preventing in any way plaintiff from going upon said land for the purpose of repairing, relocating or maintaining said telephone facilities; said facilities being located upon, across, over and under certain property including that now known as 2547 Ribault Scenic Drive, lot 22 and tract A, unit 5, Lake Forest Hills, plat book 28, pages 27 and 27A, Duval County records, also described as across lots 11 and 14 of J. A. Pickett's subdivision, a part of the Charles F. Sibal Grant, township 1 south, range 26 east, and thence to the Ribault River, all in Duval County.

This order shall take immediate effect, plaintiff having given bond in the sum of $1,000, with good and sufficient corporate surety approved by the court, conditioned to pay the defendants any damages that may be sustained by them in consequence of this temporary restraining order being improperly issued.

*Order*: This cause coming on to be heard after due notice on plaintiff's motion to strike defendants' counterclaim in which defendants seek a jury trial in ejectment, and the court having heard full argument and being advised,

And the court being of the opinion that ejectment may not be maintained against a public utility which has the power of eminent domain and which is in possession of facilities across the property in question; and even if the original entry or taking were tortious, the utility cannot be ejected, but at most the landowner would get damages for the taking of the land; and further if the present owner bought the land with notice of the presence of the facilities, he has no claim for even a tortious taking, the claim for damages resting with the person who owned the land at the time of the entry or taking (see Roberts v. Northern Pacific R.R., 158 U. S. 1, 39 L.Ed. 872, headnote 3, and Florida Southern B. Co. v. Hill, 23 So. 566, 570, 40 Fla. 1, 13).

It is accordingly ordered, adjudged and decreed —

That the defendants' counterclaim be and the same is hereby stricken.

That this cause is set for final hearing before the court, in chambers, on July 5, 1961, at 10 A.M.

*Final decree and permanent injunction*: This cause coming on to be heard on final hearing, after due notice, and the court having heard sworn testimony on behalf of plaintiff at final hearing and at hearing on temporary restraining order, and on behalf of defendants at hearing on temporary restraining order, and the court having considered arguments of counsel, and being advised, it is considered, ordered, adjudged and decreed —

Plaintiff American Tel. & Tel. Co. has a valid right of way and easement to construct, re-construct, operate and maintain lines of telephone and telegraph across, over and under certain property, including that now known as 2547 Ribault River Scenic Drive: lot 22 and tract A, unit 5, Lake Forest Hills, as shown by plat book 28, page 27A, Duval County records, also described as across lots 11 and 14 of J. A. Pickett's Subdivision, a part of the Charles F. Sibald Grant, township 1 south, range 26 east, and thence to the Ribault River, all in Duval County. Said right of way and easement was given by the then owners of the property on July 26, 1929, and was duly recorded on September 18, 1929 in deed book 532, page 18, public records of Duval County.

Pursuant to said right of way and easement, plaintiff prior to September 1, 1929 placed telephone facilities, including poles, wires, guys, anchors, and other appurtenances across said property to the Ribault River and same have since been continuously there maintained, joining with underground facilities across and under the Ribault River. Said facilities were so located at the time the defendants here acquired their interest in said land.

The description of the right of way and easement contained in the instrument dated July 26, 1929, and recorded in deed book 532, page 18, Duval County public records, above referred to, showed the easement to run "thence along the eastern side of B Avenue to *Ribault River*". While it was contemplated at the time of the granting of the easement that B Avenue would be projected or extended from Ribault River Scenic Drive to Ribault River, this was never done but the facilities were constructed to Ribault River and the grantors of the easement acquiesced in the location in which the telephone line and facilities were so extended, located and maintained *to* the river across their property.

After the defendant Riverview Enterprises, Inc. acquired the property here involved with the telephone facilities so located and clearly evident thereon, defendant Riverview Enterprises, Inc. (acting by and through defendant George H. Weiland as its president and defendant Palma R. Weiland as its secretary) subdivided the property and on February 17, 1958 recorded "Plat of Lake Forest Hills, Unit 5", in plat book 28, pages 27 and 27A, of the public records of Duval County. On this plat, plaintiff's telephone facilities here involved are shown as "AT & T Telephone Line" running across defendants' land (tract A and lot 22, unit 5, Lake Forest Hills) from Ribault River Scenic Drive to "submerged cable" in the Ribault River. In addition, defendants George H. and Palma R. Weiland have in the last two years constructed their home across where the eastern side of B Avenue would be if projected in a direct line of the Ribault River.

It is not necessary to describe an easement by metes and bounds and "a practical construction of the instrument given by the parties themselves by their conduct or admissions will be considered in determining the intent of the parties if the meaning of the instrument is doubtful". These telephone facilities have been constructed and maintained across this land to the river in the same location since 1929 and this is a "practical interpretation by usage put upon the grant". Kotick v. Durrant (Fla. 1940), 143 Fla. 386, 392, 196 So. 802. As quoted in the Kotick case, supra, from Gale on Easements (9th ed.) 79, "One of the most

settled rules of law is that you may resort to contemporaneous usage for the meaning of a deed. Tell me what you have done under such a deed and I will tell you what the deed means". 143 Fla., at page 393. The Kotick case goes on to point out that it is not necessary to describe the boundary of a right of way, or for an easement to be defined by metes and bounds, when the practical usage such as here shows what was intended. See also Burdine v. Sewell (Fla. 1926), 92 Fla. 375, 109 So. 648; Seaboard Air Line R. Co. v. Dorsey (Fla. 1932), 111 Fla. 22, 149 So. 759, 760; Robinson v. Feltus (Fla. 1953), 68 So. 2d 815; Broward County v. Bouldin (Fla. DCA - 1959), 114 So. 2d 737; 11 Fla. Jur. 250, 252, et seq.; and Brown v. Hicks (Fla. 1937), 127 Fla. 485, 173 So. 351, all holding that easements will be liberally construed, and that the granting of the easement shall take into account all surrounding circumstances.

The temporary restraining order entered herein on May 5, 1961 is hereby made permanent, and defendants George H. Weiland and Palma R. Weiland, his wife, Weiland Enterprises, Inc., and Riverview Enterprises, Inc., their agents, employees, and all persons combining and conspiring with them or aiding and abetting them, or either of them, are permanently enjoined and restrained from interfering in any way with plaintiff's pole line and other facilities across said land together with the underground facilities in Ribault River connecting therewith; and from interfering with or hindering or preventing in any way plaintiff from going upon said land for the purpose of repairing, constructing, reconstructing, operating, relocating or maintaining telephone facilities; said facilities being located upon, across, over and under certain property including that now known as 2547 Ribault Scenic Drive; lot 22 and tract A, unit 5, Lake Forest Hills, plat book 28, pages 27 and 27A, Duval County records, also described as across lots 11 and 14 of J. A. Pickett's Subdivision, a part of the Charles F. Sibald Grant, township 1 south, range 26 east, and thence to the Ribault River, all in Duval County.

Plaintiff's injunction bond in the amount of $1,000 with American Surety Co. of New York as surety, filed and approved by the court herein on May 5, 1961, is canceled and set aside, and the principal and surety on said bond are each relieved of all liability thereunder.

Plaintiff American Tel. & Tel. Co. shall have and recover of and from defendants George H. Weiland and Palma R. Weiland, his wife, Weiland Enterprises, Inc., and Riverview Enterprises, Inc., jointly and severally, plaintiff's costs herein, hereby taxed at $145.50, for which let execution issue.