SACK, Judge.
This is an appeal from a final summary judgment rendered against the appellant, whose complaint sought to recover damages for personal injuries sustained by him when he raised his television antenna at the rear of his home and it came into proximity to the high tension electric power line maintained by the appellee. The primary issues presented revolve about whether there was a genuine material issue of fact, so as to preclude the entry of the summary judgment.
There were several specifications of negligence but only two are urged upon us, namely, that the wires were not at a sufficient height above the ground or above the top of the house to avoid the arcing or transmission of current to any accessories, such as a television antenna that might be placed in proximity to the wires, and that no easement, grant, license or permit had ever been granted to the appellee by the appellant or his predecessors in title to maintain and operate the electric line over the appellant’s property so that the line, if strung along the street, would not have caused the injury.
After the filing of its answer, appellee-moved for summary judgment and in support thereof filed affidavits, including those of two qualified electrical engineers, the effect of which was to show that the power line had been constructed and maintained in its present position since 1925, that the line carried 7620 volts to ground, that 7620 volts could not arc to a grounded object unless the object was at least within 1/2 inch of the power line, that if the appellant’s antenna was 5 to 6 feet from the power line at the time of initial shock, as he had stated on his deposition, that at 7620 volts to ground the current could not have arced 5-feet from the power line to any part of the television antenna unless the antenna had first been brought into contact or within less than inch of the power line. These uncontroverted affidavits also showed that the wires were 27.83 feet above the ground and 11.25 feet in a horizontal line from the location of the antenna at the house. Plaintiff filed only his own affidavit in which he insisted that neither he nor the antenna came in contact witth the power line and that the current in the power line jumped or arced from the power line into the mast portion of the antenna. In his deposition he stated that he had loosened the bolt in the antenna holder, began to turn and raise the antenna in its holder so that it would be higher in the air, “walked it up”, and that while he was raising the antenna the extension arms on the upper mast came into *29 proximity to the uninsulated high tension wire of defendant and the electric current arced or jumped to the antenna mast. In this deposition appellant estimated the arcing distance at 5 to 6 feet
At the time designated for the hearing on a motion for summary judgment, appellant requested an additional 15 days in which to file further affidavits, but the only one that he filed was the affidavit of an electrical engineer stating that there were no identifiable burns upon the television antenna, that he was unable to identify the precise spot where the alleged burns upon the wires of the appellee were said to have occurred, that if the lines had been constructed upon the street right-of-way it would have been impossible for the antenna to become charged with electricity, and that he needed further information about the fuses and the method of operation of the safety equipment on the line governing the span involved to furnish any opinion as to their adequacy. Upon the postponed hearing date the lower court entered the summary judgment complaint of. Appellant urges that there were genuine material issues of fact to be determined and therefore the entry of the summary judgment was error.
He first contends that the location of the wires, being outside of any easement and not on the right-of-way of the street constituted a departure from sound electrical engineering practices, and that under Palov v. Florida Power & Light Co., Fla.App.1959, 107 So.2d 780, this created a genuine issue as to a material fact bearing upon the alleged negligence of the power company. Here, however, the affidavit of the appellee that the line had been maintained in its present location since 1925 was uncontroverted, so that the appellee had a prescriptive easement under Florida Power Corp. v. McNeely, Fla.App.1961, 125 So.2d 311. This circumstance distinguishes the present case from the Palov case and disposes of any claim of negligence arising from the allegedly improper location of the line.
It is next contended that a genuine material issue was created by the testimony of the appellant on his deposition and affidavit to the effect that the electricity had arced 5 or 6 feet to the antenna and that the antenna had not come in contact with the power line, and that this was in contradiction of the appellee’s expert witnesses whose affidavits positively stated, as a matter of scientific knowledge, that 7620 volts could not have arced more than inch. Upon this conflict appellant seeks to distinguish this case from Florida Power Corp. v. Willis, Fla.App.1959, 112 So.2d 15.
In Willis the plaintiff was unable to give any account of how he received the electrical shock which he experienced, although in answer to questions by his counsel' it was intimated that possibly the electric current from the transmission line arced! the distance to the pipe which he was holding, which he said was no closer than 6< to 20 feet from the transmission line. Three expert electrical engineers who testified for the defendant established that a transmission line, such as was involved in that case,, carrying a current of 72,000 volts could! not arc a distance of more than 2i/2 or 3-inches to a: metal object such as a pipe. On these facts the court held that the plaintiff had failed to establish a causal relation between the claimed negligence, which was the insufficient height of the line above the ground, and the injury for which recovery was sought.
However, in our view the mere assertion by the appellant as to the 5 feet arcing is so contrary to the expert testimony on the scientific principles applicable to the arcing phenomenon as to create no genuine material issue of fact. Testimony that is contrary to natural laws, opposed *30 to common knowledge or clearly inconsistent with the circumstances, cannot create an issue. As we said in the Willis case, supra:
“It is a sound rule that when physical situations or matters of common knowledge point so certainly to the truth as to leave no room for a contrary determination, based on reason and common sense, such physical situation and reasonable probabilities are not affected by sworn testimony which, in mere words, conflicts therewith.”
And, as pointed out in 53 Am.Jur., Trial, § 358:
“It has been held that the court may direct a verdict where the evidence conflicts with natural laws or is contrary to scientific principles or to all reasonable probabilities.”
Accordingly, if the current could not have arced, as appellant said, only two results could ensue, either the injuries were caused by the appellant bringing the antenna into direct contact with the wire, for which there would be no recovery, or the situation falls into the lack of a causal relationship as in the Willis case.
Finally, appellant claims that no summary judgment should have been entered while further discovery proceedings were pending by him. However, appellant had been given additional time to file opposing affidavits, which he could not do, and he has failed to point out to us in what respect the additional discovery proceedings would have controverted or overcome the appellee’s affidavits.
Finding no reversible error, the judgment below is affirmed.
RAWLS, C. J:, and JOHNSON, J., concur.