### SOUTHERN BELL TEL. & TEL. CO. v. LLOYD, et ux.
No. 68-8390.

Circuit Court, Duval County.

April 10, 1969.

Harold B. Wahl and William D. Goddard, both of Jacksonville, for plaintiff.

S. Perry Penland and Walter C. Shea, both of Jacksonville, for defendant.

MARTIN SACK, Circuit Judge.

*Final judgment:* This matter came on for trial without a jury on March 18, 1969, and after receiving testimony and exhibits including transcript of the hearing on temporary injunction, and hearing argument of counsel, the court makes the following findings —

The public interest and welfare, as well as the public health, safety and economy, require that plaintiff's telephone service be continued without interruption, for such telephone service is essential to the people of Florida.

While it has not been able to produce a written easement, the telephone company has located and maintained its telephone wires, poles, and facilities over defendants' property here involved since 1907. Thus, it acquired a prescriptive easement therefor. See Watley v. Florida Power & Light Company (Fla. DCA1, 1966) 192 So.2d 27; Burdine v. Sewell (Fla. 1926) 92 Fla. 375, 109 So. 648, 652; and 11 Fla. Jur. 230.

Because the defendants took the property in 1946 with notice of the presence of the facilities, they have no claim for even a tortious taking, the claim for damages resting with the person who was in possession of or owned the land at the time of the entry or taking. See 32 Fla. Jur., *Trespass,* §7; American Tel. & Tel. Co. v. Weiland (1965) 28 Fla. Supp. 4; and cases there cited.

At the time defendants procured their so-called Murphy Act tax deed under F.S. 192.38 in 1946 and went into possession of the property, the telephone company easement was evidenced by "wires, poles, or other visible occupation" under F.S. 192.58. The court expressly holds that F.S. 192.58 is a valid statute, and that, as provided by F.S. 192.58, title of the defendants under their Murphy Act deed was subject to such easement so evidenced. Cf. 31 Fla. Jur. 315, and State, ex rel. Watson v. Gray (1943) 153 Fla. 462, 14 So.2d 721. The legislature recognized the public interest in preserving public utility easements in enacting F.S. 192.58.

The telephone company thereafter continued adverse maintenance and possession of such telephone facilities over defendants' property for more than twenty years from 1946 until the time suit was brought in 1968, so that it would have again acquired an easement by prescription. See Watley v. Florida Power & Light Company, supra.

Defendants contend there were some negotiations between the telephone company and the defendants as to tree cutting rights after 1946, but the court again expressly holds that such negotiations were not in derogation of plaintiff's prescriptive easement and did not invalidate or affect the same. See 17A Am. Jur., *Easements,* §163, page 768; 50 A.L.R. 1296; and Wiggins v. Lykes (Fla. 1957) 97 So.2d 273, 276.

When the telephone company has the right to maintain its poles, lines, and facilities, it may cut or trim trees so far as is reasonably necessary to construct, maintain, and operate its lines. See 86 C.J.S. 65; Jordan v. Telephone Company, 75 Atl. 1014, 24 Del. 107, affirmed at 78 Atl. 401, 25 Del. 67; 11 Fla. Jur. 260; 64 A.L.R. 2d 668.

Upon consideration, therefore, it is ordered and adjudged —

The temporary restraining order entered on October 18, 1968, be, and the same is made permanent.

Defendants John E. Lloyd and Faye M. Lloyd, his wife, their agents and employees, and all persons combining and conspiring with them or aiding and abetting them, are hereby enjoined and restrained from interfering in any way with plaintiff's said telephone lines, poles and facilities, over and across the southerly 30 feet of defendants' property described as lots 13 to 16, block 46, Marietta, Florida, also known as a part of the southeast quarter of section 15, township 2 south, range 25 east, in and near Marietta, Duval County, Florida, sometimes known as 133 Cahoon Road, Marietta, Florida, and particularly from interfering with plaintiff entering upon said land for the purpose of cutting and trimming trees which have grown into or around or close to said telephone lines, and from doing anything to interfere with or impede plaintiff's trimming and cutting said trees or to interfere with said telephone service and its telephone poles, lines and facilities; and plaintiff is specifically authorized to cut and trim any of defendants' trees which interfere with plaintiff's said easement and telephone lines, facilities and service.

Plaintiff does hereby recover of and from defendants John E. Lloyd and Faye M. Lloyd, his wife, plaintiff's costs, to be hereafter taxed by the court.