### AMERICAN TEL. & TEL. CO. v. BARROW (No. 2).
No. 70-116.

Circuit Court, Nassau County.

July 9, 1970.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff.

John G. Barrow, defendant, in pro. per.

LAMAR WINEGEART, Circuit Judge.

*Final judgment and permanent injunction:* This matter coming on to be heard, the defendant having been personally served with summons, complaint for injunction, and notice of hearing on June 5, 1970, and the court having on June 11, 1970, entered temporary restraining order, after hearing sworn testimony from plaintiff's witnesses and from the defendant who personally testified before the court;

And the clerk having hereafter on June 26, 1970, entered default against the defendant John G. Barrow who failed to file or serve any paper as required by law;

And the defendant having thereafter filed various motions to dismiss, to set aside default, and to strike; the plaintiff having moved to strike defendant's said motion to dismiss, and for final judgment, and set the same down for hearing on July 2, 1970; defendant having appeared on said date and requested that the hearing be continued until July 9, 1970, so that he could further consult with his counsel, which continuance was granted by the court; the matter coming on again to be heard on July 9, 1970, pursuant to such continuance, the defendant having abandoned or withdrawn his various motions, defendant having failed to assert a meritorious defense or show any reason why final judgment and permanent injunction should not be entered, and plaintiff having fully supported its sworn complaint for injuction;

Upon consideration, it is ordered, adjudged and decreed —

All of defendant's motions, whether abandoned or withdrawn, are denied, and plaintiff's motion to strike defendant's "Motion to Dismiss" and for final judgment, be, and the same is granted. There is no merit to any of defendant's motions.

Defendant admitted before the court that when he bought his land here involved, the telephone facilities, including the repeater station building, were visibly in place on said land under a recorded easement; that he refused to permit plaintiff access to its facilities, unless plaintiff paid him rent of $2,000 per month; and that he asserted said easement was not valid and binding on him.

Said facilities having been in place on said land since 1948 under recorded easements, and said defendant having actual knowledge of the same when he bought and entered upon said property, such easements and rights of way ran with the land, and were binding on defendant. See Burdine v. Sewell (Fla. 1926) 92 Fla. 375, 109 So. 648; Seaboard R. Co. v. Dorsey (Fla. 1932) 111 Fla. 22, 149 So. 759, 760; Brown Lumber Co. v. Hicks (1937) 127 Fla. 485, 173 So. 351; Ketick v. Durant (Fla. 1940) 143 Fla. 386, 196 So. 802; A.T.&T. v. Barrow (Fla. CC, 1956) 9 Fla. Supp. 184; A.T. &T. v. Weiland (Fla. CC, 1961) 18 Fla. Supp. 4; Southern Bell v. Lloyd (Fla. CC, 1969) 32 Fla. Supp. 151; 11 Fla. Jur., *Easements*, §38, page 264; 11 Fla. Jur. 226; 25 Am. Jur. 2d 504; Russell v. Martin (Fla. 1956) 88 So.2d 315.

Defendant has blocked access to said repeater station building and easements, has disputed the validity of and plaintiff's rights over and under said rights of way and easements, has threatened any one coming on his property, and has locked the gate (built and maintained by plaintiff) leading to said building and facilities, and it appearing that unless the processes of this court are used to intervene, there is grave danger of irreparable damage to the public interest because of interference by defendant with plaintiff's communication service, and the public interest demands the entry of this final judgment.

The temporary restraining order is made permanent and defendant John G. Barrow, his agents and employees and all persons combining and conspiring with him or aiding and abetting him, are permanently enjoined and restrained from interfering in any way with the rights of way and easements of plaintiff, American Telephone and Telegraph Company, over, under and across that part of government lot 3 west of U. S. highway no. 1, and lots 1, 2 and 3 Dunn's Survey, section 26, township 3 north, range 24 east, Nassau County, and recorded in deed book 160, pages 448 and 449, and deed book 160, pages 319 and 320, of the public records of Nassau County, including without limitation all land covered by said easements as so recorded, and particularly from interfering with or blocking access to plaintiff's repeater station building, roadway, and appurtenances thereon, damaging or interfering with plaintiff's underground and other facilities and repeater station building and appurtenances in any way, from excavating or working on said easements without first giving plaintiff sufficient written notice so that plaintiff may have its forces on hand if it so desires, and from working or excavating or acting in any manner so as to endanger or interfere with said facilities and their proper and efficient functioning, or blocking or interfering with access to said facilities and the full use thereof.