F. O. HORNE v. J. B. McALPIN, ADMINISTRATOR.

[57 South. 420.]

ESTATE OF DECEDENTS.  *Claims.  Probation.  Record.  Sufficiency.*

The supreme court will affirm a decree of the chancery court
sustaining objections of an administrator to the allowance of
claims against the estate of a decedent, on the ground that
the claims were not probated as required by law, where the
record does not contain the evidence of debt attempted to be
probated.

APPEAL from the chancery court of Newton county.
HON. SAM WHITMAN, JR., Chancellor.

In the matter of the estate of R. M. Wells, deceased.
From a decree sustaining the objections of J. B. Mc-
Alpin, administrator to claims of F. O Horne, claimant
appeals.

The facts are fully stated in the opinion of the court.

*Chalmers Alexander* for appellant.

It appears that in making up the record the clerk failed
to make a copy of the note. On page 7 of the record
are the words in parentheses "note not on file with pa-
pers and therefore cannot make copy." It is shown
however that the note was presented before the court
(page 7) and the clerk as a witness examined the note
and testified in regard to it. It is not the fault of the
appellant that the records fails to include copy of the
note. And appellant has taken steps for a rule on the
clerk of the court below to find and make copy of the
note.

It may not be amiss to state (with permission of
opposing counsel) that shortly after this case was tried
in the court below the county court house and its library
and most of the papers were destroyed by a fire which

began in the night time. Hence the record is very ragged. We mention this as explaining no doubt the reason why the note, which was examined by the attorneys and the court and shown in evidence is not probably to be found now.

Another matter may be mentioned here. The three claims were filed for probate in 1908. Not until December, 1910, did the matter of the contest of the claims come up for hearing before the chancellor. In fact the contest itself was not filed until June, 1910. But it appears that an original account was actually filed by Horne showing the fifteen hundred and ninety-five dollars and forty-two cents; and that account for sixty-nine dollars and eighty-four cents and tax receipt totaling ninety-eight dollars and twenty-nine cents were filed for probate; and that the note for one thousand and sixty dollars was actually filed for probate. Hence, if by lapse of time, and destruction of the court house, the record is to an extent in defective condition, we yet respectfully urge upon the court a decision upon the merits of this vital question.

*S. A. Witherspoon, Jr.,* for appellee.

But not only are none of these claims copied in the record, but the record shows that it is impossible to have any of them copied therein for the reason that neither the note nor either of the accounts nor the tax receipt have been left on the file among the papers in the cause, and it is therefore impossible for the clerk to furnish this court a record containing said note and accounts, and it will, therefore, be impossible for this court to ever get a record by which it could properly determine whether the decree of the court below in disallowing said claims was correct or not.

It is stated in the brief in behalf of appellants on the merits of this case on page five that the appellant has taken steps for a rule on the clerk of the court below

to find and make a copy of the note; but it is also stated on the same page of the same brief, that shortly after this case was tried in the court below that the county court house, and its library and most of the papers were destroyed by fire, which began in the night time, and that this record is very ragged, and that this fire is no doubt the reason why the note which was examined by the court below is not found in the record.

Of course, this explanation is merely opposing counsel's statement outside of the record why this note is not copied in the record, and the same explanation is no doubt intended to account for the absence of the account for fifteen hundred and ninety-five dollars and forty-two cents, and the small account for sixty-eight dollars and ninety-five cents and the tax receipt for twenty-eight dollars and forty-five cents.

It may be that as suggested by counsel that these papers have been destroyed by fire; but we think that the real reason why this note and these accounts are not in the record in this case is because the appellant, Dr. F. O. Horne was at all times unwilling to leave the notes and the accounts and tax receipt with the chancery clerk. These papers were not among the files of the court at the time of the trial of the court below, and one of the grounds of the objection to said claims was because said papers were not left on file among the court papers in said cause, as will be seen by reference to the objections in writing to said claims.

At the time of the trial Dr. Horne, appellant, did not have the one thousand and sixty dollar note with him, and his counsel had to send him off on the train to his home at Union, Miss., to get the note, and probably the other papers in the case, and the trial had to be delayed until the Doctor could return with his note and accounts. So our explanation why this note and accounts are not in the record in this case, is that the appellant, Dr. Horne, took said papers away with him after said claims

were disallowed, refusing to leave them on the file with the chancery clerk as he had done before.

The chancery clerk does not state that any of the papers in this case were destroyed by fire, but does state on record, page seven, in a parenthetical note as follows: "No note on file with papers, therefore cannot make a copy."

SMITH, J., delivered the opinion of the court.

This record does not contain the note or either of the accounts attempted to be probated, and consequently we have no means of determining whether they are such claims as could be or have been legally probated.

It follows, therefore, that the decree of the court below must be affirmed.                    *Affirmed.*