STATE OF FLORIDA Upon the Relation of FRANK BALL, who Sues for Himself and All Others in Like Cases Situated, v. E. L. ROBINSON, Superintendent of Public Instruction of Hillsborough County, Florida; ED KEEFE, J. S. ROBINSON, D. M. DOWDELL, AL CHARAMONTE, and C. C. COLEMAN, as and Constituting the Board of Public Instruction of Hillsborough County, Florida; JAMES STEVENS, C. M. MORRIS and MRS. MAUDE HANSON, as and Constituting the Board of Trustees of Special Tax School Dstrict No. 53.

1 So. (2nd) 621
Special Division A
Opinion Filed April 15, 1941
Rehearing Denied April 30, 1941

*Bryan & Bryan,* for Plaintiff in Error;

*Luther W. Cobbey* and *John M. Allison,* for Defendants in Error.

BROWN, C. J.—The State of Florida on the relation of Frank Ball, relator, suing for himself and others similarly situated, led in the Circuit Court of Hillsborough County, on September 23, 1940, its petition requesting the court to issue its alternative writ of mandamus, directed to the respondents, who constitute the Board of Public Instruction of Hillsborough County, together with the Superintendent of Public Instruction, and the Board of Trustees of Special Tax School District No. 53, requiring them "to revoke and vacate the order closing Sun City School; and ordering the said respondents to reopen said Sun City School and to replace all equipment moved from the Sun City School and to retransfer such funds of the Special Tax School District No. 53 back to the proper fund as have been used otherwise and to reinstate said Sun City School in the same standing in which it has heretofore been operated or to show cause

before this honorable court at a date to be set in said writ why the respondents should not do so." An order to show cause was duly entered by the circuit court on September 23 and the respondents on October 10, 1940, filed their answer or return to the rule *nisi,* asking the dismissal of the writ, the substance of the ground for dismissal being that the respondents, in all the acts as averred and set forth in the alternative writ of mandamus, were acting strictly in compliance with the provisions of law and the Florida School Code, Chapter 19355, Acts of 1939.

The relator moved to quash the return or answer and to enter a peremptory writ of mandamus upon the grounds that the respondents had admitted by their answer all averments of the petition and that such actions conflicted with Article XII, Sections 10 and 17, of the Florida Constitution, although purportedly done pursuant to the authority of the Florida School Code, *supra.*

The court denied the motion and upon the relator refusing to plead further, dismissed the action. From this order of dismissal the relator brings this writ of error.

The order dismissing the relator's petition is a final judgment from which writ of error will lie. State v. Croom, 62 Fla. 283, 57 So. 420; State v. Goodson, 65 Fla. 475, 62 So. 481.

It appears from the record that Special Tax District No. 53 in Hillsborough County was properly created and organized in the manner and form prescribed by Article XII, Section 10, Constitution of Florida. Upon the establishment of this special tax school district, a school building was built and equipped at an expense of approximately $30,000.00 and a public free elementary school was operated in the district, funds for the operation of the school being derived from the State Teachers Salary Fund supplemented

by the General Fund of Hillsborough County and an annual millage levy against taxable lands in the district. For several years the school was operated as a two-teacher school, there being approximately sixty children of school age within the district. Thirty-five to forty children attended the Sun City elementary school within the district and the balance were transported to Wimauma High School which was in another district of the same county. The Sun City elementary school was ordered discontinued for the school year 1940-41 by the Board of Public Instruction for Hillsborough County, pursuant to the provisions of Section 423, Subsection 6 (c), of the Florida School Code, upon the recommendation of the Superintendent of Public Instruction and with the consent of the trustees of Special Tax District No. 53.

The respondents below, in the order closing the Sun City school, ordered the children of the district to be transported to the Wimauma school and transferred the equipment and funds (with the exception of $100.00) of the Sun City school to the Wimauma school. It is charged by the relators that this amounts to an attempt to consolidate the two districts without ordering and holding an election as required by law for the purpose of consolidating the two districts. The respondents, on the other hand, contend that they have full power and authority granted to them by the Legislature (Florida School Code, *supra*) to do the acts necessary to effect a discontinuance of the Sun City school and to require the pupils of that school to attend the Wimauma school, transportation being provided for that purpose.

The question thus presented by the record is whether or not a school in a special tax school district, created and organized pursuant to Article XII, Section 10, of the Constitution, may be eliminated and consolidated with a

school in another district without requiring an election for that purpose.

Section 10 of Article XII is as follows:

"The Legislature may provide for the division of any county or counties into convenient school districts; and for the election biennially of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; and for the levying and collection of a district school tax for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real or personal property shall vote in favor of such levy; Provided that any tax authorized by this section shall not exceed ten mills on the dollar in any one year on the taxable property of the district."

It will be noted that the Constitution vests full power in the Legislature to provide for the division of a county or counties into school districts. The inhibition of the Constitution is against the levying and collection of a tax without the consent and approval of the qualified electors of the district. See Bronson v. Board of Public Instruction, 108 Fla. 1, 145 So. 833. Where the Legislature has control over school districts, authority to determine the district boundaries may be delegated by a law complete in itself to such officers, boards or subordinate agencies as the Legislature may designate, subject, of course, to constitutional limitations. See Bronson v. Board of Public Instruction, *supra*, 56 C. J. 199, 202. See also Mayo v. Texas Co., 137 Fla. 218, 188 So. 206; State *ex rel.* v. Culbreath, 140 Fla. 610, 190 So. 543. Where the Legislature provides a method for the designated subordinate agency to change the prevailing district boundaries, that method must be adhered to strictly.

In Bronson v. Board of Public Instruction, *supra*, this Court has held that:

". . . The power to consolidate individual schools which the board of public instruction undoubtedly has under the (existing) statutes is not so broad as to include any authority to consolidate all the existing schools of one district with a school located in an entirely separate and distinct district. Such a consolidation of schools, while denominated otherwise, is in legal and practical effect a consolidation of districts which can only be accomplished as the statutes provide and as the Legislature has authorized."

At the time the above case was decided, the Legislature had not granted authority to any designated agency to consolidate schools of separate and distinct districts, which was held by this Court to be legally and practically equivalent to the consolidation of the two districts. However, this authority was granted by the Legislature in the Florida School Code, *supra,* Section 423, subdivision 13 (a), which reads as follows:

"(A) CHANGES IN BOUNDARIES.—To approve proposed modifications of school districts to the end that the number of such districts in the county may be reduced to the minimum practicable and that boundaries of school districts may not constitute barriers to the provision of adequate educational facilities for all children; Provided that such changes in boundaries, other than adjustments provided by law, shall not become effective unless the proposed districts are approved by the majority of all voting qualified electors in each district concerned at an election held as provided in Article V of Chapter 10 of the School Code."

The language of this section clearly indicates that an election is to be held when two districts are consolidated, and that any attempted consolidation shall not be effective until such election is held. The contention of respondents below is that by implication this power to consolidate districts is given the county board of public instruction upon

recommendation of the county superintendent of. public instruction and with the consent and approval of the trustees of the district. See Chapter 19355, Acts 1939, Section 433, 6 (a) and 6 (c) ; Section 443, 4; Section 423, 6 (a) and 6 (c). This contention is without merit. The question is not before the Court as to whether schools may be consolidated within a district as provided by the above sections, but where two districts are consolidated, the change must be "approved by the majority of all voting qualified electors in each district concerned" or the changes "shall not become effective." Section 423, 13 (a), *supra*.

However, to reverse the ruling of the court below at this time with instructions to grant the peremptory writ forthwith would probably result in great confusion and disorder in the management of the school affairs of the two districts for the present school year. "This Court is committed to the doctrine that extraordinary relief will not be granted in cases where it plainly appears that, although the complaining party may be ordinarily entitled to it, the granting of such relief in the particular case will result in confusion and disorder, and will produce an injury to the public which outweighs the individual right of the complainant to have the relief he seeks. Gwynn v. Hardee, 92 Fla. 543, 110 So. 343; State *ex rel.* Gillespie v. Thursby, 104 Fla. 103, 139 So. 372." Bronson v. Board of Public Instruction, *supra.*

As the order of the County Board of Public Instruction, which the alternative writ commanded should be revoked, was limited to the present 1940-41 school term, and as the granting of the peremptory writ at the time it was moved for would have created confusion and disorder, the court below did not abuse its discretion in denying the motion for the issuance of such peremptory writ, in its judgment of December 2, 1940, to which judgment this writ of error is addressed.

The said judgment must therefore be affirmed, on the ground above stated, but without prejudice to the right of the relator to seasonably apply again for a similar writ of mandamus in the future if the future action of the board of public instruction should, under the principles herein above stated, be such as to entitle the relator to such relief. The costs in this Court to be taxed equally against the parties.

Affirmed.

BUFORD, CHAPMAN and ADAMS, J. J., concur.