[Civ. No. 6561. Third Dist. Jan. 14, 1942.]

FRANCES E. STEWART, Appellant, v. THORN VALLEY JOINT UNION SCHOOL DISTRICT, Respondent.

Burke & Rawles, Wayne P. Burke and Newell Rawles for Appellant.

Jeremiah R. Scott, District Attorney, Delos A. Mace and George A. Corbett for Respondent.

THOMPSON, Acting P. J.—Judgment was rendered against the plaintiff in a suit to recover her salary as a teacher in an elementary school district in Mendocino County. That district was united with an adjoining district in southern Humboldt County to constitute a joint union school district pursuant to sections 2.200 *et seq.* of the School Code. The joint district was managed by a separate board of trustees and school was conducted in buildings on the Humboldt side of the district. The plaintiff was not employed by the board of trustees of the joint district. After the union of the two districts the defunct board of the former Mendocino County district purported to renew her contract from year to year and she continued to teach in the old school building of the Mendocino County district. After serving in that manner for three years she brought suit for compensation against both the former Mendocino County district and the joint union district. During the trial she dismissed the action against the Mendocino County district. Findings were adopted favorable to the joint union district to the effect that plaintiff was not employed by it, and that she never did teach in the schools of or for that district. Judgment was rendered against the plaintiff that she take nothing by her suit. From that judgment this appeal was perfected.

Prior to April 28, 1933, the Bear Harbor School District, adjacent to the northern boundary of Mendocino County, maintained an elementary school therein. For several years the plaintiff, who had attained the status of a permanent teacher, had previously taught school in that district. Prior to that date the White Thorn School District of Humboldt County, which was contiguous to the district above mentioned, also

maintained a separate school within its territory. These two districts were united on April 28, 1933, as a joint union district, by means of an election which was held for that purpose pursuant to law. The joint district was named the Thorn Valley Joint Union School District. A board of trustees was duly selected, which employed teachers and regularly maintained school in buildings located on the Humboldt side of the district. The plaintiff was not employed by that board and never taught school in the buildings maintained therefor by the joint district.

There were some residents of the former Bear Harbor School District in Mendocino County who were opposed to the organization of the joint district. The legality of the joint district was challenged by means of a writ of *quo warranto*. It was finally decided that the joint union district was lawfully organized. In the meantime the defunct board of trustees of the former Bear Harbor District purported to continue to perform their former duties, in spite of the termination of their offices. They maintained school in the old school building on the Mendocino County side of the joint district, renewing their contract of employment with the plaintiff for three successive years at $1,260 per annum. She continued to teach school therein until June 30, 1936. No part of that salary was paid after the creation of the joint union district. This suit was commenced in 1938, against both the former Bear Harbor School District and the joint union district. During the trial the action was dismissed as to the Mendocino County district. Findings were adopted adverse to the plaintiff. A judgment was rendered against her that she take nothing by this suit. From that judgment she has appealed.

The appellant concedes the legality of the organization of the joint district. She also acknowledges that she was not employed by the trustees of the joint district. But she asserts that she was regularly employed as a teacher by the Board of Trustees of the Bear Harbor School District and performed services as a teacher for three years, during the time when the legality of the organization of the joint district was challenged in good faith; that the Mendocino County district was a part of the joint district and constituted a de facto corporation entitling her to compensation for her services.

█ The findings and judgment are adequately supported by the evidence. It appears that the plaintiff had actual

knowledge of the formation of the joint union district, in April, 1933. She was not employed by the trustees of the joint district. She did not teach in the school building maintained by the joint district. After July 1, 1933, the Bear Harbor School District ceased to exist and its school property vested in the joint district. (Secs. 2.252 and 2.253, School Code.) The control and management of the affairs of the joint district, including the hiring of teachers, thereafter devolved exclusively upon the trustees of the joint district. (Sec. 2.254, School Code.) After the uniting of the two districts into a joint union district the offices of the trustees of the former separate districts terminated and they were without authority to employ teachers or control the affairs of the joint union district. The trustees of the joint district were regularly selected in the manner provided by sections 2.910 et seq. of the School Code. They had the exclusive authority to employ teachers for that joint district.

We are of the opinion the theory of appellant that the Bear Harbor School District continued to operate as a de facto corporation after the union of the two districts has no application to the present situation so as to make the joint district liable for plaintiff's salary. It is true that when an attempt is made in good faith to organize a school district pursuant to or under color of law and its officers have actually exercised duties in conducting its affairs, it may be deemed to be a de facto corporation so as to enforce its just obligations, even though it subsequently develops there were legal defects in the procedure of accomplishing the organization, or even when the statute under which it was incorporated proves to be unconstitutional. (*Hamilton* v. *County of San Diego,* 108 Cal. 273 [41 Pac. 305] ; *Hancock* v. *Board of Education,* 140 Cal. 554 [74 Pac. 44] ; *Westlake Park Inv. Co.* v. *Jordan,* 198 Cal. 609 [246 Pac. 807] ; *Tulare Irr. Dist.* v. *Shepard,* 185 U. S. 1, 13 [22 S. Ct. 531, 46 L. Ed. 773] ; 56 C. J. 254, sec. 90.)

The rule, however, has no application to the facts of this case to bind the joint union district for the obligation created by the defunct officers of a district which had ceased to exist. The Bear Harbor School District became non-existent when the joint district was created. Both the plaintiff and the trustees of the Mendocino County district knew that the joint district was formally created in April, 1933. They knew the

two contiguous districts, by a majority vote of each, had merged in one joint district. That merger effectively terminated the existence of both former districts. The Mendocino County district and the joint district could not exercise jurisdiction over the same territory at the same time. It has been held that two elementary school districts may not exercise separate jurisdiction at the same time over the same territory. (56 C. J. 206, sec. 52b.)

It is not contended the Bear Harbor School District attempted to reorganize a separate district after the creation of the joint district. It made no effort to withdraw or to sever its connection with the joint district, as it might have done under section 2.270 of the School Code. The rule with relation to de facto organizations might have applied to the Thorn Valley Joint Union School District, since it was created according to law and continued to function in good faith as a union school district if there had been defects in the process of its creation, but we are unable to perceive how that principle could apply to a district which has ceased to exist under the plain letter of the law. After the creation of the joint district the former Mendocino County district had no authority to employ teachers for its own territory, and certainly not for the joint district which included a portion of Humboldt County. It possessed no de facto, or other jurisdiction, over the joint district. It had no authority to even attempt to maintain a separate school district. Even though the defunct officers of the former district might incur an obligation which would be binding on that district, which we do not concede, certainly they had no authority to create an obligation which would be binding on the joint union district, over a considerable portion of which territory they never claimed to have jurisdiction. The plaintiff was not employed by the joint union district. No contract existed between them. She was never recognized as a teacher in that joint district and she never taught in the school which was maintained by that district. The joint union district is therefore not indebted to plaintiff.

The judgment is affirmed.

Tuttle, J., concurred.