LOY *v.* BEAN.

4-9314                                    232 S. W. 2d 986

Opinion delivered October 9, 1950.

*D. B. Bartlett,* for appellant.

*Wiley W. Bean,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, E. P. Loy, brought this action under the Usurpation Statute (Ark. Stats., §§ 34-2201—2209) seeking to oust appellee, Johnny Bean, from the office of school director. This appeal challenges the correctness of the trial court's action in dismissing appellant's complaint under the undisputed facts disclosed by the pleadings.

The facts are: School District No. 19 of Johnson County was created under Initiated Act No. 1 of 1948. Pursuant to the provisions of Act 324 of 1949, the district was divided into five zones and a special election was held on July 5, 1949, for the election of directors of the new district. Loy and Bean were candidates from Zone 2 and Bean was elected and qualified as director. The five newly elected board members met and determined the length of their respective terms by lot as provided in § 2 of Act 324, *supra,* Bean drawing the short term

of one year. At a regular school election held on September 27, 1949, Loy was elected and qualified as a director from Zone 2. Subsequently the County Board of Education held and ordered that Bean's term of office would continue for a period of one year from his election on July 5, 1949, and thereafter until his successor was legally elected. Loy prayed an appeal from this order to the circuit court and on April 21, 1950, the appeal was dismissed for want of jurisdiction. Loy filed the instant action on May 11, 1950.

The trial court held that Bean, being elected director July 5, 1949, for a one-year term, would hold office until July 5, 1950, and until legally succeeded, or until the regular school election in September, 1950; and that, as a matter of law, there was no vacancy when Loy was elected in September, 1949. Appellant's contention for reversal is that the court erred in refusing to hold that appellee's term of office had expired on September 27, 1949, when appellant sought to succeed him at the regular school election.

Under the provisions of § 1 of Initiated Act No. 1 of 1948, Acts 1949 (p. 1414) School District No. 19 was automatically formed on June 1, 1949, comprising all districts in the county, with less than 350 pupils of school age, which had not been merged with some other district between the date of the adoption of the initiated act and March 1, 1949. Upon formation of the new County, or United, District the smaller districts lost their previous status as separate districts. *Stroud* v. *Fryar,* 216 Ark. 250, 225 S. W. 2d 23.

Section 2 of Initiated Act No. 1 provides for the election of board members of the County District and states that the length of their terms "shall be determined in accordance with provisions of existing law". Act 324, *supra,* was duly adopted with an emergency clause and became effective upon its approval March 19, 1949. Hence, the act was a part of "existing law" at the time of the formation of District 19. After stipulating that the five directors of the new district shall determine the length of their respective terms of from one to five years

by lot, § 2 provides: "Thereafter, one member shall be elected at each annual school election for a term of five (5) years; provided, that any member of the board of education shall hold office until his successor has been elected and qualified. . . ."

We hold that the trial court correctly interpreted the statutes and that it was not the intention of the Legislature to provide that a director who was first elected to the one-year term should hold office for only two months and 22 days, or until the next annual school election. It is more reasonable to assume from the language used that it was intended that the director first elected should hold office for the term of one year specified in the act, after which time one director should be elected at each annual election for a five-year term. Under this interpretation of the statutes, it follows that Bean's term of office had not expired and there was no vacancy in the office when Loy was elected at the election held September 27, 1949.

Affirmed.