352 P.2d 80

Joe TRUJILLO, Emma Sanchez, Matias Martinez, Rose Valdez and Glave Blattman, Members of the Board of School Directors, and Amadeo Aragon, Plaintiffs-in-Error,

v.

STATE of New Mexico ex rel. Luz S. GANDERT, Defendant-in-Error.

No. 6652.

Supreme Court of New Mexico.

April 27, 1960.

Rehearing Denied May 26, 1960.

52

Roberto L. Armijo, Las Vegas, Robert A. Morrow, Raton, for plaintiffs in error.

Dean S. Zinn, Patricio S. Sanchez, Santa Fe, for defendant in error.

CARMODY, Justice.

Defendant in error, Gandert, by a proceeding in the nature of quo warranto, questioned the validity of the establishment of an independent rural school district. The trial court granted the relief sought by Gandert, and respondents below appeal by writ of error.

The facts, briefly stated, are that as of July 1, 1958, there were three rural school districts under the supervision of the county school superintendent of Mora County, these being districts numbered 1, 8 and 27. On that date, the county board of education considered and approved two resolutions, (1) to consolidate the three districts into a

single district, and (2) to seek to form an independent rural school district composed of the three districts mentioned. On July 22d, the state board of education, acting on the first resolution, ordered the consolidation of the three districts, and it thereby became Rural School District No. 1, Mora County, New Mexico. Then on July 31st, the state superintendent of public instruction certified the formation of Independent Rural School District No. 1, pursuant to the request contained in the second resolution of July 1st. Shortly thereafter, the then county school superintendent, Amadeo Aragon, appointed the other respondents below as directors of the new independent district; then he resigned as county school superintendent and was immediately appointed by the new board as superintendent of the newly created district. The effect of this was that Luz Gandert, who was subsequently elected county superintendent of schools in November of 1958, upon taking office, would have no schools under his jurisdiction and consequently would receive only $1 per year salary.

The findings of the trial court are strenuously attacked as to several matters relating to the consolidation and the proposed creation of the independent rural school district. However, these attacks upon the findings become of little consequence by reason of the view we take of the principal statute involved.

■ Actually, the question is merely one of statutory interpretation, when the facts are considered in their true perspective. In other words, does the statute permit the creation of an independent rural school district in less than two years from the time of the original formation of a consolidated rural school district?

It must be specifically noted that the problem does not involve consolidation of one or more rural school districts with a municipal or independent district already in existence, as is contemplated by §§ 73–20–3 and 73–20–4, N.M.S.A., 1953 Comp. (Pocket Supp.).

■ We are concerned with the fact of consolidation of three rural school districts into one rural school district. The complaint alleged and the answer admitted that the consolidation was completed on July 22, 1958. Therefore, the old districts 1, 8 and 27 of Mora County thereupon ceased to exist and a new entity, Rural School District No. 1, Mora County, came into existence. Huffman v. School Board, 1950, 230 Minn. 289, 41 N.W.2d 455; Loy v. Bean, 1950, 217 Ark. 684, 232 S.W.2d 986; Stewart v. Thorn Valley Joint Union School Dist., 1942, 49 Cal.App.2d 155, 121 P.2d 49; James v. Union Graded School Dist. No. 2, 1949, 201 Okl. 573, 207 P.2d 241, and Appeal of Walker (Walker v. Ball), 1938, 332 Pa. 488, 2 A.2d 770.

■ The fact that of these three original districts only the former District No. 1 (Mora) might itself have qualified as an independent district by itself is of no consequence, as we must rule on the law as applied to the instant facts, and not what might have been if another course had been followed.

The statute which we must consider, being § 73–9–14, N.M.S.A., 1953 Comp. (Pocket Supp.), is as follows:

"73–9–14. Independent rural school districts — Prerequisites — Board of school directors—Powers and duties. —Any rural school district in which the average daily attendance for two (2) consecutive school terms exceeds three hundred (300), and has successfully maintained a regular four (4) year high school course that has met the requirements of the state board of education as to certification of teachers, standardization of subjects taught and sufficiency of equipment may become an independent rural school district upon the certification of the superintendent of public instruction and thereafter shall be governed by a board of school directors appointed or elected and holding office as in other rural school districts, said board to consist of five (5) members and to hold office as hereinafter provided.

"Said board shall have the same powers and perform the same duties as are provided by law for municipal boards of education."

■ To us, the statute is clear and unambiguous and there is no room for any alternative construction. It is in the singular and applies to one rural school district. See Carper v. Board of County Com'rs of Eddy County, 1953, 57 N.M. 137, 255 P.2d 673. It is not controverted that the newly created district was in existence a maximum of nine days, rather than two years or two consecutive school terms. Therefore, there is an obvious disregard of the act of the legislature, and the purported creation of an independent rural school district was without legal force and effect  To rule otherwise would be to disregard the plain, meaningful and unambiguous language of the statute—that we cannot and will not do. Compare, Schoonover v. Caudill, 1959, 65 N.M. 335, 337 P.2d 402, and Carper v. Board of County Com'rs of Eddy County, supra.

■ Plaintiffs in error urge that this was a matter purely within the discretion of the superintendent of public instruction. However, even though that office has broad powers, the superintendent must be bound by express statutory directions, and discretionary action cannot be based upon an erroneous theory of the law. Compare, State ex rel. Ball v. Robinson, 1941, 146 Fla. 615, 1 So.2d 621, and Bell County Board of Education v. Wilson, 1936, 263

Ky. 556, 92 S.W.2d 821. See, also, 65 A.L.R. 1529, supplemented in 135 A.L.R. 1107, and cases cited therein. Here, the statute expressly negatives any exercise of discretion short of two consecutive school terms.

The argument that the creation of the independent rural school district was a needed improvement of the Mora County schools, while perhaps arousing our sympathy insofar as desiring better schools for all children, cannot affect our decision in this case. We must be governed by the law, not by our sentiments.

It should also be observed that the trial court based its decision not only upon the fact that the attempt at the creation of the independent school district was done less than two years after the attempted consolidation, but also on two other grounds: (1) doubt as to whether or not the provisions of the law pertaining to average daily attendance met the legal requirements for the establishing of an independent district, and (2) the fact that the proposal for the creation of the independent district was initiated twenty-two days before the consolidated district actually came into legal existence. We expressly decline to rule upon either of these other matters, inasmuch as the failure to comply with the two consecutive school term provision is determinative of the entire problem.

It follows from what has been said that the judgment of the district court should be affirmed. It is so ordered.

McGHEE, C. J., and CHAVEZ, J., concur.

MOISE, J., not participating.

COMPTON, Justice (dissenting).

The statute, the basis of the majority opinion speaks for itself, and it would serve no beneficial purpose to discuss it, except to say I give it a different construction

Unquestionably, prior to consolidation of the three rural school districts, 1, 8, and 27, District 1 alone met all legal requirements for certification as an independent rural school district, and as I view the statute, this was sufficient. The fact that districts 8 and 27 were unable to qualify is beside the point, they were extinguished by the consolidation. The effect of the majority opinion is simply to require a delay of 2 years before an independent rural school district can or may be established. I fail to find such intent expressed in the statute, nor is such intent implicit therein.

Accordingly, I dissent.