HOBSON, Judge.
Appellants, respondents below, brought this appeal from a final judgment in a mandamus proceeding. The appellee, petitioner below, filed a cross-appeal. The appellant, the Board of Public Instruction of Hendry County, Florida, will be referred to herein as School Board.
The facts are not in dispute. Hendry County is in itself one school district under § 10, Art. XII, of the Florida Constitution, F.S.A. For the 1964-65 fiscal year which ended June 30, 1965, the School Board certified for levy the maximum lawful millage of 20 mills; 10 mills for the county current school fund (§ 8, Art. XII, of the Florida Constitution) and 10 mills for the district current school fund (§ 10, Art. XII, of the Florida Constitution). The taxpayers qualified to vote in the biennial school millage election in November 1963 approved the constitutional maximum of 10 mills for the district fund for the 1964-65 and 1965-66 fiscal years (§ 10, Art. XII, of the Florida Constitution).
Twenty mills on the 1964 tax roll brought the School Board for budget purposes about $420,500.
In preparing the Hendry County Tax roll for 1965, the Hendry County Tax Assessor assessed all real and personal property in the county according to the criteria prescribed in § 193.021, Florida Statutes, F.S.A., in such manner as to increase the general level of assessed value over the preceding year from $26,919,766 to $78,-882,499.[1]
In compliance with the requirement set forth in § 193.03(6), Florida Statutes 1963, F.S.A., the Tax Assessor on or about August 1, 1965, certified to the School Board a tax reduction ratio of 2.93.
Application of this ratio to the 20 mills levied for school purposes against the 1964 roll would result in a reduced total millage (county and district) of 6.826 mills, or 6.85 mills when carried to the nearest two-decimal figure. This millage on the elevated 1965 roll would have produced for budget purposes to the School Board about $499,-048, or an increase over the preceding year of 19%. The School Board, however, adopted a resolution on August 12, 1965 establishing the county millage at 3 mills and the district millage at 5.5 mills, or a total school millage of 8.5 mills for the 1965-66 fiscal year. This millage on the elevated 1965 roll brought the School Board for budget purposes about $619,258, or a 47% increase over the budget for the preceding year.
Appellee obtained an alternative writ of mandamus from the Hendry County Circuit Court on August 26, 1965 directing the School Board to reduce its millages to the maximum permitted by § 193.03, Florida Statutes, F.S.A., or to show cause why the peremptory writ should not issue. After a hearing held October 4, 1965, the Circuit Court entered the final judgment appealed which held that 8.5 mills was excessive and illegal under the law but denied the peremptory writ because of the “probability of great confusion and disorder in the operation of school affairs in Hendry County.”
The appellants’ contentions may be stated as follows: (1) § 193.03, Florida Statutes 1963, F.S.A., is unconstitutional because it requires the reduction of a district school millage which has been fixed by an election pursuant to § 10, Art. XII, of the Constitution; (2) if F.S. § 193.03, F.S.A.1963, is constitutional and the School Board reduces its millage in accordance therewith it may then increase the millage under either F.S. § 193.03, F.S.A.1963, or F.S. § 237.05, et seq., F.S.A.1965, or under both when read in pari materia.
The appellee contends that the trial court erred when it denied him a peremptory writ of mandamus on the ground that to do so would probably create great confusion and *340 disorder in the operation of school affairs in Hendry County.
We will discuss these contentions in the order in which they appear above.
 The law of Florida has long been established that every presumption is in favor of the constitutional validity of an act of the Legislature and the appellants in this case have the burden to clearly show that F.S. § 193.03, F.S.A., is in positive conflict with § 10, Art. XII of the Florida Constitution. Grova v. Baran, Fla.App. 1961, 134 So.2d 25; Gaulden v. Kirk, Fla.1950, 47 So.2d 567; Ex parte Messer, 1924, 87 Fla. 92, 99 So. 330.
The Florida Constitution, § 10, Art. XII, provides as follows:
“The Legislature may provide for the division of any county or counties into convenient school districts; and for the election biennially of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real, or personal property shall vote in favor of such levy; Provided, that any tax authorized by this section shall not exceed ten mills on the dollar in any one year on the taxable property of the district.”
This constitutional mandate places two restrictions on the Legislature as to the district miilage: (1) there shall be no levy whatsoever unless a levy regardless of the amount of miilage is approved by a majority of the qualified electors within the district that pay a tax on real or personal property, and (2) the levy shall not exceed ten mills. It does not require the qualified electors by their majority vote to establish the amount of miilage to be levied.
Under the above restrictions the Legislature has enacted an implementing statute, § 236.32, which allows the qualified elector to vote for the estimated miilage levy found necessary by the county school board or any miilage levy he desires between 0 and 10. In addition, the Legislature has enacted another implementing statute, § 236.33, which the appellants contend is constitutional and was relied upon by the appellant, School Board, to reduce the 10 mills approved by the qualified electors in 1963 under § 10, Art. XII, of the Constitution, to 5.5 mills. F.S. Section 236.33, F.S.A., reads as follows:
“The county board shall certify and spread upon its minutes a resolution stating the tax levy approved by the voters in each school district election in the county and such taxes shall be certified, assessed, and collected as prescribed in § 237.18 and shall be expended as provided by law; provided, however, that the county board, with the consent of the state superintendent of public instruction, where it is plainly manifest from the county school budget that there are ample available funds from other school revenue sources to meet the requirements of the obligations of the tax school district, may reduce the tax levy approved by the voters in the school district election.”
Certainly if the levy approved by the voters in the school district election can be constitutionally reduced under the authority of F.S. § 236.33, F.S.A., then F.S. § 193.03, F.S.A.1963, which reads in part:
“After the assessment rolls have been prepared on the basis required by law, the board of county commissioners and the board of public instruction and all other governing boards or governing authorities of all other taxing districts, within the counties including municipalities, whose taxes are assessed on the tax roll prepared by the county assessor, shall for the fiscal years 1963-1964 through 1972-1973, inclusive, reduce the miilage to be levied by each such governing authority from what *341 it was in the preceding year proportionate to the increase of the general level of assessed value over the preceding year.”
is also constitutional in that said statute provides for the reduction of the millage levied by the Board of Public Instruction (which includes the millage levy approved by the qualified electors under § 10, Art. XII of the Constitution) proportionate to the increase in the general level of assessed ■value over the preceding year.
Our research discloses no case directly •determining the constitutionality of F.S. § 193.03 or § 236.33, F.S.A.
In Chase v. Board of Public Instruction, 1951, 52 So.2d 122, our Supreme Court was called upon to determine whether or not the Dade County Budget Commission had the power to reduce the millage levy approved by the qualified electors as provided by § 10, Art. XII, of the Constitution. In that •case it was held on pages 124 and 125:
“It is next contended that the Commission was without power to reduce ■the nine-mill tax levy on the taxable property within the special tax school ■district (Dade County) because said tax was imposed by a vote of the freeholders in the manner provided by Sections 10 and 11, Article XII of the •Constitution.
“We construe the final decree to hold that it is beyond the power of the Budget Commission to reduce the millage fixed by the freeholders, as authorized by Article XII of the Constitution. We think the chancellor was correct in this holding. Section 236.33, F.S.A., .authorizes the Board of Public In■struction to reduce the tax levy approved by the freeholders if it is •shown that there are ample available funds for school purposes from other revenue sources. * * *
“It was, however, entirely within the power and authority of the Budget ‘Commission to change, alter, amend, increase, or decrease any item and total amount or amounts of the estimate of expenditures or receipts prepared or submitted by the Board of Public Instruction, and to fix, determine, and adopt a budget of all receipts and expenditures for such Board (see Section 9 of Chapter 21847, Acts of 1943), even though the total amount so authorized is less than the amount that would be produced by the proposed nine-mill district tax levy plus the three-mill county levy. If it is less, the Board of Public Instruction would then have the power to reduce the tax levy accordingly.”
Apparently the Supreme Court in the Chase case, supra, felt that F.S. § 236.33, F.S.A., was not in conflict with the Florida Constitution.
 We feel and so hold that F.S. § 193.03, F.S.A., is not in conflict with § 10, Art. XII, of the Florida Constitution in that said constitutional provision does not prohibit the Legislature from enacting implementing statutes authorizing the County Board of Public Instruction to reduce the tax levy approved by the voters in the school district election.
The next contention of appellants requires the interpretation of Florida Statutes §§ 193.03 and 237.05 et seq. and whether said statutes should be read in pari materia.
Immediately following the above-quoted part of F.S. § 193.03, F.S.A.1963, there was a proviso applicable only to the 1963-64 and 1964-65 fiscal years which authorized an increase, after the millage to be levied had been reduced as required by the statute, upward not more than 10% if the budget making authority determined additional operating funds were necessary. This proviso did not apply to the School Board in this immediate case because its 1964-65 fiscal year ended on June 30, 1965.
The 1965 session of the Legislature amended the proviso of § 193.03 as outlined above by eliminating the limitation as to *342 fiscal years 1963-64 and 1964-65, but the effective date of said amendment was not until January 1, 1966.
This results in a hiatus in the law between June 30, 1965, and January 1, 1966, whereby there is no provision for an increase up to 10% of the millage levied after it has been reduced as required by § 193.03. The appellant School Board was caught in this hiatus because its budget was adopted on August 12, 1965.
It has been common knowledge in the past that the county tax assessors of Florida have assessed real property at a percentage of the fair market value. The judicial decisions beginning in 1942 with the case of Schleman v. Connecticut Gen. Life Ins. Co., 151 Fla. 96, 9 So.2d 197, have held that valuations less than 100% of “just valuation” as required by § 1, Art. IX of the state constitution would not be tolerated even though uniformly applied. However, it was not until 1965, in the case of Walter v. Schuler, supra, that “just valuation” and "fair market value" were held to be “legally synonymous.”
The Legislature being cognizant of the judicial trend realized the need for millage control law when the general level of assessed value was increased and enacted what is now, F.A. § 193.03, F.S.A.
The instant casé is an excellent example of the need for such a law. The assessed value of property on the tax rolls of Hendry County in 1964 was $26,919,766. After the tax assessor reevaluated the property for the 1965 tax rolls the assessed value increased to $78,882,449 or an increase of approximately three times. In 1963 when the taxpayers approved a 10 mills maximum levy under § 10, Art. XII of the Constitution, the millage was based on the then assessed value and they had no way of knowing that their vote for 10 mills in 1963 would be 30 mills in 1965. It is also true that the 10 mill maximum levied by the School Board under § 8, Art. XII of the Constitution trebled in 1965. However, the School Board saw fit to reduce its levy under the constitution to the minimum of 3 mills which is a greater reduction than required by F.S. § 193.03, F.S.A.
The wording of § 193.03 is mandatory and the proviso discussed above was not available to the appellants; therefore, unless Florida Statutes §§ 237.05 et seq., F.S.A., and more particularly § 237.09(3) and § 237.18 provide a means for the School Board’s levy of 8.5 mills, the lawful levy computed under § 193.03 would be 6.85 mills.
Appellants contend that Florida Statutes §§ 193.03 and 237.05 et seq., F.S.A., must be read in pari materia and since the proviso in § 193.03 was not in effect in August 1965 then, after reducing the millage levy to 6.85, they could increase it to 8.5 under § 237.05, et seq. The fallacy of this position is seen when the scope and aim of §• 193.03 is compared to that of §§ 237.05 et seq. The scope and aim of § 193.03 is to prevent an injustice to the taxpayer when a general re-evaluation of property is made within a county and the tax roll is thereby increased; whereas §§ 237.05 et seq., are not concerned in any way with eliminating injustices to the taxpayer.
The law of statutory construction is clear that statutes to be read in pari materia must have the same scope and aim. In Latimer v. Sears Roebuck & Co., 285 F.2d 152, on page 157, 86 A.L.R.2d 307 (1960) the Fifth Circuit Court of Appeals in construing two Florida Statutes set forth the following on the law of statutory construction :
“The impeccable principle that statutes in pari materia must be read together, as with most canons of statutory constructions, has its opposite number in the dichotomy of well-worn but serviceable canons readily available for use on both sides of any disputed question of interpretation. Thus,. ‘a statute is not in pari materia if its scope and aim, are distinct or where-a legislative design to depart from the *343 general purpose or policy of previous enactments may be apparent.’[5] We
think it appropriate to apply this canon here, in view of the differences between the sections and the good sense of taking the statutory language as meaning what it says rather than attempting to divine the legislative intention by departing from the plain meaning of the amendment. ‘[T]here is no canon .against using common sense in construing laws as saying what they obviously mean.’ Mr. Justice Holmes in Roschen v. Ward, 1928, 279 U.S. 337, 339, 49 S.Ct. 336, 73 L.Ed. 722.”
It is obvious what the Legislature meant when it enacted § 193.03, i. e., under these facts the millage levied by the School Board should have been no greater than 6.85. In levying 8.5 mills the School Board ‘has in effect exceeded the constitutional •maximum when considered in light of § 193.03. On the 1964 tax roll the maximum •of 20 mills was applied. Without any consent of the taxpayer and by merely tripling -the tax roll for 1965 the School Board -would receive three times the maximum .amount of monies allowed by the constitution. Under § 193.03(6) the Tax Assessor ■of Hendry County certified to the School Board a tax reduction ratio of 2.93. Applying this ratio to the 20 mills would result in a millage of 6.85 when carried to the -nearest two-decimal figure. By increasing -this figure to 8.5 mills under the guise of §§ 237.05 et seq., it can easily be seen that the constitutional maximum has in effect heen exceeded. It is this very injustice -which § 193.03 is intended to prevent.
We must now proceed to the appel-llee’s contention on its cross-appeal.
The trial court held:
“3. Due, however, to the probability -of great confusion and disorder in the operation of school affairs in Hendry County, Florida, for the current year, if the Peremptory Writ of- Mandamus is granted, the Court, in the exercise of its discretion, denies the motion for the issuance of a Peremptory Writ, notwithstanding the Court’s conclusion as to the illegality of the present millage of 8.5 mills as adopted and certified to by the Board of Public Instruction of Hendry County, Florida.”
We do not find in the record before us sufficient proof that at the time of the hearing and signing of the final judgment on October 4, 1965 great confusion and disorder in the operation of school affairs in Hendry County for the 1965-66 school year would probably result if the Peremptory Writ of Mandamus were granted.
The budget of the School Board for the 1965-66 school year was introduced into evidence which showed a grand total of budgeted operating expenses under ad valorem tax levies in the amoupt of $619,258, being the amount that 8.5 mills would produce based on the 1965 tax rolls. However, there is no evidence in the record to establish that the School Board was legally obligated on October 4, 1965, to expend this amount.
It is common knowledge that the tax bills of Hendry County for the year 1965 have been mailed to the taxpayers as of December 13, 1965, and included a levy of 8.5 mills for school purposes.
At this time, it would in all probability not only create great confusion and disorder in the operation of the Hendry County schools, but would also create a chaotic condition in the Tax Assessor and Tax Collector’s offices as well as wreck havoc in the entire operation of Hendry County if the ruling of the court below were reversed with instructions to issue the peremptory writ forthwith.[2]
In the case of Bronson v. Board of Public Instruction, 1933, 108 Fla. 1, 145 So. 833, *344 on page 836, the Supreme Court of Florida said:
“ * * * This court is committed to the doctrine that extraordinary relief will not be granted in cases where it plainly appears that, although the complaining party may be ordinarily entitled to it, the granting of such relief in the particular case will result in confusion and disorder, and will produce an injury to the public which outweighs the individual right of the complainant to have the relief he seeks. Gwynn v. Hardee, 92 Fla. 543, 110 So. 343; State ex rel. Gillespie v. Thursby, 104 Fla. 103, 139 So. 372.”
For the reasons set forth above the final judgment appealed should be and is affirmed.
It is so ordered.
SHANNON, Acting C. J., and LILES, J., concur.

. See Walter v. Schuler, Fla.1965, 176 So.2d 81.

." Llewellyn, Remarks on the Theory of Appellate Decisions and the Rules or Canons about how Statutes are to be construed. 3 Yánd.L.Rev. 395, 402 (1950).

. See State ex rel. Ball v. Robinson, 1941, 146 Fla. 615, 1 So.2d 621.