PER CURIAM.
In an action for a declaratory decree brought by Dade County, Florida, against the City of Miami, Florida, the following final decree was entered:
* * * * * * *
“Plaintiff seeks a declaratory decree as to whether the City of Miami is governed by the provisions of Section 193.03, Florida Statutes [F.S.A.], which regulates the tax millage that may be levied upon a tax assessment roll prepared by the county tax assessor.
“The statute requires a reduction in the preceding year’s levy proportionate to the increase in the general level of assessed valuation. Provision is made for a ten percent increase, subject to public notice, and an additional five percent increase subject to approval by the county review commission.
“Defendant has admitted most of the allegations and the controverted allegations were supported by uncontroverted evidence.
“The County’s interest, which is conceded by the City, arises from the fact that the County must furnish a ratio to the City to govern millage reduction, if the statute applies, and must collect and defend the taxes levied by the City. Section 193.03(6), Florida Statutes [F.S.A.] *438 and Dade County Home Rule Charter, Section 4.04.
“The County contends that the statute applies. The City contends it does not. The Court concludes and declares that Section 193.03 does apply to and govern the City of Miami in its current tax levy and that the tax millage levied by the City on August 22, 1966 (15.798 mills) is excessive and does not comply with the statute.
“The City has argued that it is exempted by the provisions of Section 193.61, Florida Statutes [F.S.A.], enacted in 1907. To the extent that this provision conflicts with Section 193.03, enacted in 1965, the older statute must yield. Hillsborough County Commissioners v. Jackson, (58) Fla. (210,) 1909, 50 So. 423, 424.
“The City has also argued that Section 193.03(5) is a statutory definition which has the effect of exempting those cities whose assessment rolls for the preceding year were prepared by a City Assessor rather than the County Assessor.
“In construing a statute, the Court is required to consider the purpose and intent of the statute and to give effect to that intent, not adopt such an interpretation as would tend to frustrate the legislative intent. Smith v. Ryan, Fla.1949, 39 So.2d 281, 284. The purpose and intent of this statute is to protect taxpayers from increased taxes in those years where the general level of assessments is increased and where the tax assessments are prepared by a County Assessor, thus easing for the taxpayer the current transition toward assessments at full value. Board of Public Instruction of Hendry County v. State, Fla.App.1966, 188 So.2d 337, 342.
“This case reflects the very situation the statute was intended to prevent. The ratio between the City’s assessment roll last year and the County assessment roll for this year which the Home Rule Charter requires the City to use this year is 1.328. The millage levied by the City last year, reduced by this ratio would be 13.73 mills. The City proposes to collect fifteen percent more than this amount, some $2,675,000. The statute requires that before such an increase may be made, the City must give public notice of this-intention and must secure the approval of the independent county review commission.
“The City must either comply with these provisions or hold the line on its-taxes.
“The effect of Section 193.03(5) is not to exempt the City of Miami, but rather to make the millage control applicable to all millage, whether authorized by local, special or general legislation, which is levied on the basis of the county assessment roll. The City has argued that millage required to service bond issues is not governed by the statute. This argument is untenable, for the City’s millage required to service bonds is authorized by legislation and thus within the scope of Section 193.03(5).
“The City has sought to inject constitutional questions in this case, although none are presented by the pleadings. It has argued that the statute might cause it to default upon a bond obligation and' thus impair a contract. The facts do-not present this question, for only 1.725 mills is required to service all bond issues,, less than one-ninth the millage unquestionably authorized. The Court need not and will not speculate upon the premise that the statute would prevent the City from meeting its bond obligations, for-that is not the case.
“Similarly, after final hearing and by-brief the City suggests that the Charter provision requiring the use of the County’s assessment roll is invalid because it conflicts with Article VIII, Section 22, Florida Constitution [F.S.A.]. The issue obviously has no place in this litigation, however, it appears well settled that the- *439 Home Rule Amendment to the Constitution, Article VIII, Section 11, supersedes other conflicting provisions of the Constitution where expressly authorized. Chase v. Cowart, Fla.1958, 102 So.2d 147; Gray v. Golden, Fla.1956, 89 So.2d 785; In re Advisory Opinion to the Governor, Fla. 1959, 116 So.2d 425. If there is a conflict here, and the Court sees none, the transfer of the function of assessing taxes from the City to the County by the Home Rule Charter was expressly authorized by the Constitution. Article VIII, Section 11(1) (d) »
******
The decree was entered on September 1, 1966 and notice of appeal was filed on the following day. Without objection from the County, the trial court, on September 2nd, entered an order permitting the City to amend its answer so as to incorporate four additional defenses. The order recited that the defenses raised by the City in its amended answer were deemed to have been denied, or avoided, by the County and that such defenses were deemed to have been considered and adjudicated by the court in the final decree, even though the final decree had been entered prior to the filing of the motion.
The City then petitioned for a constitutional writ to stay the final decree. Briefs were submitted and an early hearing was held for oral argument.
This court finds no reason to rule on the question of whether a constitutional stay should issue and has decided, under the authority of Florida Appellate Rule 4.5, subd. g(2), 31 F.S.A., that the ends of justice will be best served by disposing of this cause •on its merits. See Section 59.14, Florida Statutes F.S.A.; Section 64.04, Florida Statutes, F.S.A.; and City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70.
The affirmative defenses raised by the City in its amended answer of September 2nd, relate primarily to the constitutionality of Sections 193.03, 193.031 and 196.14, Florida Statutes, F.S.A., and Section 4.04 of the Home Rule Charter for Metropolitan Dade County. Under Hough v. Menses, Fla.1957, 95 So.2d 410, the burden of proving these affirmative defenses must be carried by the City.
 Inasmuch as the record on appeal indicates that neither evidence nor argument was presented to the trial court concerning tire validity of Section 4.04 of the Metropolitan Charter, or of Section 193.031, and since the final decree comes to an appellate court with a presumption of correctness, the defendant has failed to carry his burden in challenging the constitutionality of Section 4.04, Home Rule Charter for Metropolitan Dade County and Section 193.031, Florida Statutes, F.S.A. We are therefore required to affirm this portion of the decree.
The City argues that under Section 196.14, Florida Statutes, F.S.A., the comptroller of Florida is a necessary and indispensable party to this action and that the trial judge committed reversible error in failing to require that he be made a defendant.
Section 196.14, Florida Statutes, F.S.A., provides:
“No suit or proceeding shall be maintained in any court of this state for the purpose of canceling or contesting the validity of any tax assessment or tax certificate unless the comptroller of the state be made a party to such proceedings. All ■ such suits shall be brought in the county where the land is situated and the attorney for the board of county commissioners of such county shall represent the comptroller in any such suit or proceedings, for which he shall receive no additional compensation other than as paid him by the county.”
This action was brought only to obtain a declaratory decree on the applicability of Section 193.03, Florida Statutes, F.S.A., relating to the fixing of the tax millage, and no attempt was made to seek *440 an adjudication “canceling or contesting the validity of any tax assessment or tax certificate,” the subject of Section 196.14. Accordingly, the trial judge correctly ruled that the state comptroller was not a necessary and indispensable party.
The City next seeks to have Section 193.03 declared unconstitutional because of the proviso in Section 193.032 which excludes school districts from its effect.
Under 6 Fla.Jur. Constitutional Law, § 306:
“A law which contains an exemption or exception from its operation does not amount to a denial of equal protection of the laws if based upon substantial differences between the classes included and the classes excluded. Also, the exemption of a portion of a general class does not render an act unconstitutional unless it results in making the law capricious and arbitrary in its application. * * * ”
* * * * * *
The legislature found that there was sufficient reason to make different classifications and exemptions between a school board, which is charged with the responsibility of public education, and a municipality, which serves a completely different public need. As we find the exemption to be neither capricious nor arbitrary, we therefore uphold the same.
Any question as to the impairment of bonded indebtedness has been effectively disposed of by the final decree, and no error has been shown to cause reversal as to this point.
The main argument propounded by the City is directed to Section 193.03(5), Florida Statutes, F.S.A., which went into effect on January 1, 1966. It is the City’s contention that Section 193.03(5) is a statutory definition which distinguishes between those cities in which the preceding year’s assessment role was city-prepared and those cities in which the preceding year’s assessment role was county-prepared. Under this definition, the City argues, the former group is exempted from the operation of Section 193.03. We disagree.
Section 193.03(5) provides:
“All references to millage and reduction of millage contained in this section shall apply to all millages levied on the basis of county tax assessors’ rolls whether such millage is levied pursuant to local, special or general law.” (Emphasis supplied.)
The City of Miami acts under its charter by virtue of a special act of the Florida Legislature, Chapter 10847, Special Acts of 1925. As the City now uses the County assessment roll and levied its tax millage of August 22, 1966 pursuant to powers granted by the special act of the Legislature, we feel that Section 193.03(5) in this instance serves merely to require the application of Section 193.03 to all millage (such as Miami’s) levied on the basis of one county tax assessor’s roll * * * pursuant to special law.
The design of Section 193.03 is discussed in Board of Public Instruction of Hendry County v. State, Fla.App.1966, 188 So.2d 337, wherein the court said:
******
“The Legislature being cognizant of the judicial trend realized the need for millage control law when the general level of assessed value was increased and enacted what is now, F.A. § 193.03, F.S. A.”
í|í % s}c ‡ ‡
* * * The scope and aim of § 193.03 is to prevent an injustice to the taxpayer when a general re-evaluation of property is made within a county and the tax roll is thereby increased; * * *”
*******
The court went on to comment that every presumption is in favor of the constitutional validity of an act of the legislature, and that the parties contending that a statute was unconstitutional had the burden of *441 clearly showing that it was in conflict with the Constitution.
Here, the City has failed to overcome the presumption of validity and to show clearly that Section 193.03 was in conflict with the Constitution.
The final decree is therefore
Affirmed.
It is so ordered.