## AMERICAN TEL. & TEL. CO. v. BARROW.

Circuit Court, Nassau County.

July 12, 1956.

Harold B. Wahl, Loftin & Wahl, Jacksonville, for plaintiff.

John G. Barrow, defendant, in pro. per.

A. D. McNEILL, Circuit Judge.

This matter coming on to be heard, it appearing that a copy of the summons, complaint for injunction and notice of this hearing were duly served on the defendant John G. Barrow on July 7, 1956, and the court having considered the sworn bill and heard testimony, and the court finding that defendant's predecessors in title gave a right of way and easement under, over and across the property now owned by defendant and here involved; that pursuant to such right of way and easement plaintiff located certain underground cable and other facilities which right of way, easement and facilities at the time of purchase of the property by defendant were indicated by plaintiff's markers and otherwise so that defendant had actual knowledge of the same; that said easement and right of way was further at said time duly recorded in the public records of Nassau County, Florida; and that such easement and right of way ran with the land and was binding on defendant. (See Burdine v. Sewell (Fla. 1926), 109 So. 648; Seaboard R. Co. v. Dorsey (Fla. 1932), 149 So. 759, 760; and Kotick v. Durant (Fla. 1940), 196 So. 802.)

And the court finding that defendant has excavated and worked over and dangerously near said facilities, has disputed the validity of and plaintiff's rights under said right of way and easement, and has threatened to continue his excavation and other work without regard to said facilities, and it appearing that unless the processes of this court are used to intervene there is grave danger of irreparable damage to the public interest because of interference by defendant with plaintiff's communication service, and that the public interest demands the immediate entry of this order on the showing made, therefore,

It is ordered, adjudged and decreed that until the further order of the court, defendant John G. Barrow, his agents and employees

and all persons combining and conspiring with him or aiding and abetting him, be and they are enjoined and restrained from interfering in any way with the right of way and easement of plaintiff, American Telephone and Telegraph Company, over, under and across that part of government lot 2 west of U. S. highway no. 1, sec. 26, twp. 3 north, range 24 east, Nassau County, and recorded in deed book 160, pages 444 and 445 of the public records of Nassau County, and particularly from cutting or damaging or interfering with plaintiff's underground and other facilities in any way, from excavating or working near said facilities without first giving plaintiff sufficient written notice so that plaintiff may have its forces on hand if it so desires, and from working or excavating in any manner so as to cut or endanger or interfere with said facilities and their proper and efficient functioning.

This order shall take immediate effect, upon plaintiff giving by July 13, 1956, bond in the sum of $2,000 with good and sufficient surety approved by the clerk of this court conditioned to pay the defendant any damages that may be sustained by him in consequence of this temporary restraining order being improperly issued.