# AMERICAN TELEPHONE AND TELEGRAPH COMPANY v BYRON

## Case No. 86-180-CA

Fourth Judicial Circuit, Nassau County

April 1, 1986

### APPEARANCES OF COUNSEL

**Harold B. Wahl, Wahl and Gabel,** for plaintiff.

No appearance for defendant Byron.

### OPINION OF THE COURT

ELLIS T. FERNANDEZ, JR., Circuit Judge.

This matter coming on to be heard, it appearing that a copy of the Summons, Complaint for Injunction and Notice of this hearing were duly served upon the Defendants, James J. Byron and Phyllis S. Byron, on March 26, 1986, and the Court having considered the sworn bill and heard testimony, and the Court finding that Defendants' predecessors in title gave a right of way and easement under, over and across the property now owned by Defendants and here involved; that pursuant to such right of way and easement Plaintiff located certain underground cable and other facilities, which right of way, easement and facilities at the time of the purchase of the property by Defendants

were indicated by Plaintiff's markers and otherwise; that said easement and right of way was further at said time duly recorded in the public records of Nassau County, Florida; and that such easement and right of way ran with the land and was binding on Defendants. [See *Burdine v. Sewell*, 109 So. 648 (Fla. 1926); *Seaboard R. Co. v. Dorsey*, 149 So. 750, 760 (Fla. 1932); *Kotick v. Durant*, 196 So. 802 (Fla. 1940); and *American Telephone and Telegraph Company v. Barrow*, 9 Fla. Supp. 184 (Nassau County C.C. 1956];

And said easement (as recorded in Deed Book 160, pages 70 and 71) specifically providing for the installation by Plaintiff in and under said easement of such communication systems "as the grantees (plaintiff) may *from time to time* require, consisting of underground cables, wires, conduits, manholes, drains and splicing boxes, and surface testing terminals, repeaters, repeater housing and markers and other appurtenances";

And the Court finding that Plaintiff is now in the process of installing a light guide fiber optic cable which will greatly expand the capacity and efficiency of said facilities, and has advised Defendants that within the next 30 days it will make this installation across Defendants' property in and under said easement;

And the Court finding that Defendants dispute the validity of and Plaintiff's rights under said right of way and easement to install additional facilities over and above those already in place, and have threatened to block the installation of additional facilities unless Plaintiff negotiate a new easement with Defendants for an unknown compensation, and it appearing that unless the processes of this Court are used to intervene, there is grave danger of delay and irreparable damage to the public interest because of interference by Defendants with Plaintiff's communication services; and that the public interest demands the immediate entry of this Order on the showing made;

Therefore, it is ORDERED, ADJUDGED and DECREED that until the further Order of this Court, Defendants, James J. Byron and Phyllis S. Byron, his wife, their agents and employees, and all persons combining and conspiring with them or aiding and abetting them, be enjoined and restrained from interfering in any way with the right of way and easement of Plaintiff, American Telephone and Telegraph Company, over, under and across a strip of land two rods wide across land owned by the said Byrons in part of Section 41, Township 4 North, Range 23 East, as described in Deed Book 153, page 242, Nassau County public records, Nassau County, Florida, as said easement has been in effect since September 15, 1948; and from interfering

**57**

in any way with Plaintiff's said right of way and easement, and particularly from cutting or damaging or interfering with Plaintiff's facilities in any way, and their proper and efficient functioning, from excavating or working near said facilities, without first giving Plaintiff sufficient written notice so that Plaintiff might have its forces on hand if it so desires, and from taking any action or threatening to take any action to block the Plaintiff from, or interfering with the Plaintiff in, installing, locating or constructing additional telephone cables, conduits and facilities in said easement, and from refusing to fully recognize the validity of said easement for additional facilities.

This Order shall take immediate effect, Plaintiff having furnished bond in the sum of $2,000 with good and sufficient surety, approved by the Clerk of this Court, conditioned to pay to Defendants any damage that may be sustained by them in consequence of this temporary injunction having been improperly issued.

DONE and ORDERED in Chambers at Fernandina Beach, Nassau County, Florida this 1st day of April, 1986.